No. 17,571.

RAYMOND F. ELMER *v*. MILDRED L. ELMER.

(285 P. [2d] 601)

Decided June 27, 1955.

Mr. B. F. NAPHEYS, JR., for plaintiff in error.

Messrs. KENNEDY & CHISHOLM, Mr. WILLIAM J. CHISHOLM, for defendant in error.

58

*En Banc.*

MR. JUSTICE KNAUSS delivered the opinion of the Court.

PLAINTIFF in error (defendant below) will herein be referred to as the husband, and defendant in error (plaintiff below) will herein be referred to as the wife.

In September, 1953, the wife instituted a divorce action against her husband and prayed for temporary and permanent alimony, division of property and counsel fees.

The husband withdrew the cross-complaint he had filed and allowed the cause to proceed as a non-contested divorce action, and on March 11, 1954, an interlocutory decree of divorce was entered. On the same day, by separate order, the trial court awarded the wife $300 per month as temporary alimony, together with counsel fees and court costs.

On September 13, 1954, a final decree of divorce was entered, which decree made no reference to the matter of alimony or division of property. On the following day the husband filed a motion to halt or reduce the payment of $300 per month temporary alimony, alleging as ground therefor that he was in poor health; that his earning power had decreased; that he had sustained financial losses, and that the wife had ample funds to support herself. On the same day a hearing was held on what the court record refers to as "Defendant's Motion re Property Settlement." It is conceded there is no such motion in the record. Following this hearing an order was entered on October 6, 1954, as follows:

"That all of the property, real, personal, or of whatever nature or description of which plaintiff and defendant now stand possessed, shall be and remain as his or her sole and separate property; that defendant pay as permanent alimony to the Plaintiff, the sum of $350.00 per month, and that this alimony should take the form of an annuity trust, with a substantial insurance com-

pany, which shall guarantee the plaintiff an income of $350.00 per month for the rest of her life, and this trust should further provide that if plaintiff should die before 20 years, any unpaid balance would go for children of parties; and it is ordered that this arrangement be set up within 30 days of this date."

The husband filed a motion to vacate this order and for a new trial, alleging it would require a cash payment of $90,535.10 to purchase such an annuity, which cash outlay was in excess of his assets and ability; that the trial court was without jurisdiction to enter the order, and that the order was contrary to the evidence. This motion was overruled and the husband brings the cause here by writ of error.

The parties to this record were married in 1918 and have four children, all grown and married. When the wife testified concerning temporary alimony she claimed she needed $300 per month for her support. At the September, 1954, hearing testimony was offered concerning large sums of money and property (approximately $75,000) which the wife had inherited and most of which she had expended. The husband contended that much of this money and property had been lost by the wife in gambling ventures, which the wife denied. The trial court made no findings of fact preliminary to the order here under review.

Counsel for the wife make no effort to justify the trial court's order. In their brief they admit the trial court made no findings of fact, and there state " * * * how the court arrived at its decision is left entirely to conjecture."

It is obvious from the order signed by the trial judge that it was nothing more or less than an order for the payment of permanent alimony. By the terms of the order each party to the action was to retain any and all real and personal property as his or her sole and separate estate.

It is not disputed that the purchase of an annuity such

as is mentioned in the court's order would require a cash expenditure of more than $90,000, and from a careful reading of the record the total assets of the husband might aggregate $100,000, if the same could be converted into cash.

In awarding permanent alimony, care should be taken that it does not amount to an appropriation of the entire estate of the husband. *Fahey v. Fahey,* 43 Colo. 354, 96 Pac. 251.

The order for "permanent alimony" in the instant case amounts, under this record, to nothing more than confiscation of the assets of the husband. This cannot be done. "Under the evidence presented, the court's order pauperized defendant." *Brown v. Brown,* 131 Colo. 467, 283 P. (2d) 951.

It is fundamental that orders for the payment of temporary or permanent alimony are subject to modification due to changed circumstances of the parties. *Walton v. Walton,* 86 Colo. 1, 278 Pac. 780; *Diegel v. Diegel,* 73 Colo. 330, 215 Pac. 143; *Jewel v. Jewel,* 71 Colo. 470, 207 Pac. 991. The annuity ordered by the court would be fixed and not subject to later modification, regardless of changed circumstances. By C.R.S. 1953, 46-1-5, it is provided: " * * * The remarriage of the former wife shall relieve the former husband from further payment of alimony to her, * * *." The "permanent alimony" ordered by the trial court would not terminate in the event of remarriage of the wife. Ordinarily alimony ceases upon the death of the husband, or the wife. *Greer v. Greer,* 110 Colo. 92, 130 P. (2d) 1050. The annuity ordered by the court provided that the monthly payments should be made for a period of twenty years, and if the wife died prior to expiration of twenty years any unpaid installments should be paid to the children of the parties.

We have searched in vain for a decision in this jurisdiction which upholds an order like the one here under review. This order overlooks and ignores the

statutory characteristics of permanent alimony or division of property. *Brown v. Brown, supra.* It amounts to an appropriation of practically all of the husband's assets to insure a payment of $350 per month to the wife. The record here fails to disclose any contribution by the wife to the husband's assets, or any reason why she should not be dealt with as any wife who has divorced her husband.

The cause is remanded with direction to vacate the alimony order dated October 6, 1954, and enter an order for a reasonable sum for the support of the wife, based on her necessities and the husband's ability to pay; together with a reasonable fee for the wife's counsel.