No. 18,858.

Leon R. Brownfield *v*. Ruth M. Brownfield.
(352 P. [2d] 674)

Decided May 31, 1960.

Mr. A. E. Small, Jr., for plaintiff in error.

Mr. Aldo G. Notarianni, for defendant in error.

*In Department.*

Per Curiam.

Plaintiff in error seeks review of an order denying his motion for elimination of alimony. For clarity we refer to plaintiff in error as Leon and to defendant in error as Ruth.

In March, 1949, Ruth divorced Leon and was awarded alimony. Leon remarried and as issue of this marriage has a child now nine years old. On four occasions Leon

successfully prevailed upon the court to reduce the amount of alimony payments, the last reduction occurring on May 10, 1957.

On April 1, 1958, Leon filed a motion to eliminate further alimony payments on the ground that changed circumstances required such action. In substance the motion alleged that the child of his second marriage required additional and increasing maintenance and care; that his present family resides in a trailer which is inadequate for their needs; that he cannot obtain better housing as long as he is required to pay alimony; and that Ruth is employed and no longer requires support from him.

At the hearing on the motion Leon testified there had been no change in his income since the last modification; that his present wife continued to work as a registered nurse, with no change in her income since the last modification; that the child was boarded out five days a week on a twenty-four-hour basis, the same as at the last modification; and that he and his present family have resided in the trailer since September, 1949.

Ruth testified that her income from employment was substantially the same as it was at the time of the last modification. There was no showing that Ruth's financial position had changed in any appreciable degree since the last reduction.

At the conclusion of the hearing the trial court denied the motion on the ground that there had been no substantial change in the circumstances of the parties since the last modification to warrant granting the motion.

It is fundamental that orders for the payment of alimony are subject to modification due to the changed circumstances of the parties. *Elmer v. Elmer,* 132 Colo. 57, 285 P. (2d) 601. It is equally well settled that awarding alimony and fixing the amount thereof rests in the sound discretion of the trial court, and unless it is made to appear that there has been an abuse of discretion, the judgment of the trial court will not be disturbed on

264

review. *Rodgers v. Rodgers,* 102 Colo. 94, 76 P. (2d) 1104; *Schleiger v. Schleiger,* 137 Colo. 279, 324 P. (2d) 370.

We percieve no abuse of discretion in denying the motion. There was no showing of such change in the circumstances of the parties since the last hearing as would justify the trial court in granting the relief sought. On the contrary, the evidence was conclusive that there had been no change in circumstances. This was established by Leon's own testimony.

Accordingly, the judgment is affirmed.

MR. JUSTICE HALL, MR. JUSTICE DAY and MR. JUSTICE DOYLE concur.