No. 20,766.

JAMES E. MENOR *v.* MARJORIE N. MENOR.

(391 P. [2d] 473)

Decided April 20, 1964.

Mr. Leland S. Huttner, Mr. Lionel Dunievitz, for plaintiff in error.

Messrs. Sheldon and Nordmark, Mr. James T. Bayer, Mr. Donald B. Robertson, for defendant in error.

*En Banc.*

Mr. Justice Moore delivered the opinion of the Court.

Defendant in error, to whom we will refer as plaintiff or Marjorie, was granted a decree of divorce from plaintiff in error who will be referred to as the defendant or James. The decree was entered March 1, 1962. The trial court conducted extensive hearings relating to a division of property between the parties, permanent alimony, and custody and support money for their three minor children.

March 5, 1963, "Findings of Fact, Conclusions of Law and Order" consisting of twenty-two typewritten pages, were entered. The trial court dealt extensively with the financial affairs of the parties from the date of their marriage in August 1952 to the time of the hearing. Pertinent portions of the Findings of Fact are as follows:

"Due to domestic difficulties, the parties separated in May of 1961, James vacating the family home and taking only his personal belongings, and going to live in the apartment of his geologist. At the time of the separation, the parties had no current debts; and the assets of the parties were a 1959 Oldsmobile stationwagon, now

worth $1,500; the family home, located at 3239 South Detroit, having a now market value of $36,000, with a $16,000 encumbrance against the same, leaving an equity of $18,000, said home being owned in joint tenancy; that at the time the parties had $3,000 either in a checking or a savings account and James had a fifty percent stock ownership in Compass Exploration Company.

"At the time of the separation, James was drawing a salary from Compass of $1,500 a month; and, at other times prior thereto, he had received a monthly salary of $1,750 a month.

"James reported income for tax purposes for 1961 at $20,295.40. In January of 1962, James reduced his salary to $800 a month, which continued through May of 1962, at which time he again reduced it to $600, which salary was supplemented by a $5,000 bonus and a $2,041 outside commission, making a total income for the year 1962 at a sum of $15,241. The testimony indicated that James expects, for the year 1963, an equal or larger income than he has received in the last three years."

The judgment and order of the trial court awarded to Marjorie:

1. The family home subject to a first trust deed of $16,000.00—(an equity of $20,000.00).

2. The furniture and furnishings in the family home valued at $10,000.00.

3. A 1959 Oldsmobile station wagon valued at $1,500.00.

4. Custody of the children.

5. James to pay $150.00 per month for the support of each child, or a total of $450.00 per month.

6. Alimony to Marjorie of $300.00 per month. The court further ordered as follows:

"(6) That the Court has fully considered the Amicus Curiae Brief of George Aubrey and the agreement by and between the Defendant James Menor and his co-owner of Compass Exploration Company, George Aubrey, dated January 10, 1960; that the Court does not intend, nor will it by this Order, disturb any of the con-

tractual rights that have heretofore been vested in said agreement; that, considering all of the evidence on the point, the Court hereby awards the Plaintiff twenty-five percent of the proceeds realized out of the Defendant's fifty percent stock ownership in Compass Exploration Company; that the obligation to pay any of said proceeds realized from said stock ownership shall arise only in the event of the dissolution of said Company, or upon the Defendant's sale of his stock ownership, pursuant to the terms of said buy-and-sell agreement of January 10, 1960; that, in the event of the realization of any of said proceeds, said amount is to be placed in trust, so that equal shares would go to each of the Defendant's three children and his former wife Marjorie Menor. Once the said children have reached the age of twenty-one years, or they are emancipated, their interest would be given to them at that time; and, in the interim, that Marjorie would act as Guardian of said funds for said children; that, in the event said dissolution or sale or realization of said proceeds would be realized after the age of twenty-one of said children, that then said proceeds would be distributed in four equal shares immediately.

"(7) That the Defendant James Menor keep in full force and effect the $150,000 insurance in favor of the Defendant Marjorie Menor, and that he or his Company pay all premiums thereon promptly; and, in the event of any delinquency or imminent delinquency as to payments on said policy, notice should be immediately given to the Plaintiff; that said policies are to remain in the Registry of the Denver District Court, and not be released except by Order of Court.

"(8) That in the event there is any change in circumstances of the Defendant, as to his ability to comply with any of these Orders, the Court hereby Orders that the Defendant provide the Plaintiff with a certified copy of each and every Federal Income Tax return by him, annually, after the date of this Order, and within five

days after the filing of the original with the Director of the Internal Revenue Bureau."

James argues in this court that the orders for alimony and support money are unjust, excessively burdensome, beyond the needs of the recipients, and amount to an abuse of discretion which this court should reverse or modify. We find no abuse of discretion in the instant case with respect to the awards of alimony and support money.

■ For a period of at least four years prior to the hearing, defendant's income had never been less than $15,000.00 per year. He is a 50% owner in a corporation which has an earning potential, and over which he, together with his associates, has full control concerning the compensation which he shall receive. According to the record, his automobile and living expenses are in a substantial degree paid by the corporation.

The judgment for cash payments of alimony and support money accordingly is affirmed.

We now direct our attention to that portion of the judgment relating to the stock owned by defendant in the corporation from which his income was derived. This corporate stock was subject to an agreement under which the owner of another substantial block of stock would have a prior right to purchase same in the event of a sale thereof by the defendant. The judgment of the trial court decreed that in the event there was a "dissolution" of the corporation, or a sale of the stock owned by the defendant, 25% of the proceeds realized by defendant upon such dissolution, or sale, should be paid to the plaintiff, portions of which should be held in trust for each of the children until they attained maturity at which time it should be paid to them. The interest of defendant in the corporation as represented by the stock was, and is, the foundation upon which his ability to earn an income depended.

■ The trial court erred in placing limitations and restrictions upon the freedom of defendant to deal with

said stock as the future might require. The authority of the trial court with reference to a division of property in divorce actions is to be found in C.R.S. '53, 46-1-5 (2) which reads as follows:

"At the time of the issuance of a divorce decree, or at some reasonable time thereafter as may be set by the court at the time of the issuance of said divorce decree, on application of either party, the court may make such orders, if any, as the circumstances of the case may warrant relative to division of property, in such proportions as may be fair and equitable."

This statute authorizes the trial court to make an equitable and just division of the property of persons involved in divorce proceedings as that property is shown to exist at the time of the order entered with regard thereto. We have held that property division must be made upon the basis of conditions as they exist at the time of the hearing and decree rather than at the time of the marriage. *Stephenson v. Stephenson,* 134 Colo. 96, 299 P. (2d) 1095; *Shapiro v. Shapiro,* 115 Colo. 505, 176 P. (2d) 363.

It is equally true that a trial court, in ordering a division of property, cannot award to the divorced wife a share in property which might be acquired by the ex-husband after the order for a division of property has been made. Had the court ordered a sale of the stock of defendant and a division of the proceeds derived therefrom, his ability to earn the substantial payments of alimoney and support money might well have been destroyed. If defendant desired in the future to exchange any of the stock which he owned in the company for other assets, or to sell it in whole or in part and use the receipts from the sale to enter business or otherwise improve his earning power, he was entitled to do so free of the crippling limitations on his right to do so that are included in the trial court's order. The trial court was without authority to direct that James must give to each of his children a share in a future estate which he may

or may not acquire. The obligation of the defendant is to provide reasonable support for his children according to their need, within the range of his ability. A father of children is under no obligation to settle any property upon his children, or to deed them an interest in any asset. On the contrary he may by will or deed or other voluntary act disinherit a child if he sees fit to do so. As was said in *Feldman v. Feldman,* 166 Kan. 699, 204 P. (2d) 742:

"* * * the general rule is that in granting a divorce a court has no authority under the statute to decree that a part of the property of the husband shall be the sole property of his children. * * *"

To like effect is *Rex v. Rex,* 331 Mich. 399, 49 N.W. (2d) 348.

In *Brown v. Brown,* 131 Colo. 467, 283 P. (2d) 951, this court reversed an order of the trial court requiring a father to create a trust fund as security for support and maintenance of his minor children. We quote from that opinion the following:

"Assuming that under the provisions of our statute a court is authorized to require security for the payment of allowances for the maintenance of minor children, the order of which complaint is made in the instant case is not security but confiscation.

"We, therefore, conclude that under the evidence presented in this case the trial court had no jurisdiction to create a trust for the support of the minor children, nor was it authorized under the statutory provisions to require defendant to give security for their future support. In so doing, error was committed."

See also *Elmer v. Elmer,* 132 Colo. 57, 285 P. (2d) 601, where we find the following pertinent language:

"* * * The annuity ordered by the court provided that the monthly payments should be made for a period of twenty years, and if the wife died prior to expiration of twenty years any unpaid installments should be paid to the children of the parties.

"We have searched in vain for a decision in this jurisdiction which upholds an order like the one here under review. This order overlooks and ignores the statutory characteristics of permanent alimony or division of property. *Brown v. Brown*, supra. * * *"

Two other provisions contained in the court's judgment require consideration, the first of which relates to the requirement that the defendant should keep in full force and effect a policy of life insurance in the amount of $150,000.00. The record discloses that this insurance policy has no cash surrender value and accordingly does not represent any asset proper for consideration on the theory that it is "property" which is subject to equitable division between the parties.

There is no authority in this jurisdiction under which a husband may be compelled to carry insurance on his own life to the end that a divorced wife may from that source continue to receive alimony after the death of the husband. When a divorce is granted, the wife may be entitled to a share in the property of the husband and she may be entitled to receive alimony in accordance with her need and the husband's ability to pay. This obligation to pay alimony ends with death and a court has no power through the device of an insurance policy to require payments which could only be upheld as alimony to continue after death. This situation is clearly distinguishable from those cases in which the parties to a divorce action have settled their property rights by contract, the terms of which are incorporated in the decree.

The final matter requiring our consideration is that portion of the judgment which orders the defendant to furnish his ex-wife with a certified copy of his federal income tax return each year following the entry of the judgment. This requirement is arbitrary and capricious and under the circumstances of this case cannot be justified.

The judgment of the trial court is affirmed except as

to the matters hereinabove specifically disapproved, and the provisions of the decree which we hold to have been erroneous are ordered stricken therefrom. With reference to the stock holding of the defendant in Compass Exploration Company, the cause is remanded to the trial court with directions to ascertain and enter findings as to its value as of the date of the divorce decree, and to determine what percentage thereof, if any, shall be awarded to the plaintiff as a part of the division of property.

MR. JUSTICE HALL not participating.