481 P.2d 125 (1971)
Earle L. REED, Plaintiff in Error,
v.
Mary F. REED, Defendant in Error.
No. 70-525, (Supreme Court No. 23754.)
Colorado Court of Appeals, Div. I.
February 2, 1971.
*126 F. James Voss, Denver, for plaintiff in error.
Walberg & Pryor, Denver, for defendant in error.
Selected for Official Publication.
PIERCE, Judge.
This case was originally filed in the Supreme Court of the State of Colorado and was subsequently transferred to the Court of Appeals under authority vested in the Supreme Court.
This controversy arose out of a purported property settlement incorporated in the divorce decree. The only portion of the settlement contested is a clause ordering the defendant-husband to make plaintiff the irrevocable beneficiary of a National Service Life Insurance policy.
It will not be necessary that we discuss the points of error raised by the husband-plaintiff, in error, as the resolution of a preliminary matter, raised for the first time in this action by this Court under Rule C.A.R. 1(d), effectively settles all issues, and the parties were given opportunity to submit additional briefs on this specific point. The question is: DID THE TRIAL COURT HAVE JURISDICTION TO MAKE AN ORDER REGARDING PERMANENT CHANGE OF BENEFICIARY UNDER A NATIONAL SERVICE LIFE INSURANCE POLICY? Our answer is in the negative.
National Service Life Insurance is the creation of, and is controlled by, federal legislation. There are two sections of the Federal Statutes applicable to the problem before us:
38 U.S.C. § 3101(a) provides:
"(a) Payments of benefits due or to become due under any law administered by the Veterans' Administration shall not be assignable except to the extent specifically authorized by law, and such payments made to, or on account of, a beneficiary shall be exempt from taxation, shall be exempt from the claim of creditors, and shall not be liable to attachment, levy, or seizure by or under any legal or equitable process whatever, either before or after receipt by the beneficiary."
38 U.S.C. § 717(a) states:
"(a) The insured shall have the right to designate the beneficiary or beneficiaries of insurance maturing on or after August 1, 1946, and shall, subject to regulations, at all times have the right to change the beneficiary or beneficiaries of such insurance without the consent of such beneficiary or beneficiaries."
The decided cases interpreting these sections make it quite clear that any order in a divorce decree, restricting the right of the policy holder to change the beneficiaries at any time and under any circumstances, is absolutely ineffectual and unenforceable. Wissner v. Wissner, 338 U.S. 655, 70 S.Ct. 398, 94 L.Ed. 424; Hoffman v. United States, 391 F.2d 195 (9th Cir.); Williams v. Williams, 255 N.C. 315, 121 S. E.2d 536; Kauffman v. Kauffman, 93 Cal.App.2d 808, 210 P.2d 29. (See also, Annot., 2 A.L.R.2d 489.)
The implication is unavoidable that there is no jurisdiction in state courts under state law to control this subject matter in any way. Heifner v. Soderstrom, D.C., 134 F.Supp. 174. In ruling on these matters, even those states which maintain that they have jurisdiction to hear a controversy regarding these policies, readily admit that federal law is controlling and that under *127 federal law the right to change a beneficiary at any time is absolutely unrestricted, provided federal regulations are followed in initiating the change. Fleming v. Smith, 69 Wash.2d 277, 418 P.2d 147.
A National Service Life Insurance policy should, therefore, not have been considered as an asset distributable under this property settlement. The parties to this action and the trial court innocently considered this policy to be an asset subject to settlement, stipulation and court order; and the removal of the policy from the total considered assets at this time will destroy the equitable balance sought by the court in its order of property division.
We therefore reverse the trial court's order of property division and remand this case to the trial court with directions to compute and enter a new division of the property of the parties, without reference to this insurance policy.
Judgment is reversed and remanded with directions.
DWYER and DUFFORD, JJ., concur.