495 P.2d 1156 (1972)
Miriam OHR, Plaintiff-Appellee,
v.
Abraham OHR, Defendant-Appellant.
No. 71-232.
Colorado Court of Appeals, Div. II.
April 11, 1972.
*1157 Maurice Reuler, Denver, for plaintiff-appellee.
Brenman, Sobol & Baum, Nathan Lee Baum, Denver, for defendant-appellant.
Selected for Official Publication.
PIERCE, Judge.
A decree of divorce was granted in October 1970 to both parties herein. Subsequently, permanent orders were entered following a hearing on the issues of property division, alimony, attorney fees, and costs. The defendant husband here appeals, asserting numerous errors.
Defendant's primary contention is that the trial court erred in refusing to permit him, as part of his case, to call plaintiff for cross-examination pursuant to C.R.C.P. 43(b) and C.R.S.1963, 154-1-16.
The transcript of the proceedings shows that both parties testified on their own behalf. Cross-examination of defendant revealed the existence of a retirement pension plan with his employer under which defendant would be entitled to a lump-sum payment of over $11,000 should he separate from employment. The record indicates that this testimony and a related exhibit were admitted into evidence and considered by the trial court. Defendant's counsel then attempted to call plaintiff as an adverse witness to testify regarding her retirement pension plan. This request was refused and plaintiff was not allowed to take the stand. The trial court stated at that time that it would take Mrs. Ohr's retirement fund into consideration.
We find no Colorado authority regarding permissible limitations upon the right of a defendant to call a plaintiff as an adverse witness under Rule 43(b), where the plaintiff has already been examined and cross-examined as part of plaintiff's case in chief. Following well-reasoned authority in this regard, however, we hold that it is error for the trial court to refuse examination of an adverse witness under Rule 43(b), where such examination would relate to matters developed at trial or alleged in the complaint. Loftin v. Morgenstern, 60 So.2d 732 (Fla.); Annot., 35 A.L.R.2d 754.
In the case at hand, the parties' retirement funds were at issue. Evidence regarding the value, terms, and benefits of defendant's retirement plan was before the court. As to plaintiff's retirement plan, however, we find no evidence in the record going beyond its mere existence. In the absence of evidence of the value, terms, and benefits of plaintiff's retirement fund, we fail to see how the trial court could have properly weighed this *1158 factor in making an equitable distribution.
The failure of the trial court to permit defendant to cross-examine Mrs. Ohr regarding the value, terms, and benefits of her retirement fund was error. This case must therefore be remanded to the trial court for the limited purpose of taking evidence regarding Mrs. Ohr's retirement fund and for a reconsideration of the matters determined at the hearing in light of that testimony.
Defendant's further allegations of error are without merit.
Judgment reversed and remanded with directions.
COYTE and ENOCH, JJ., concur.