538 P.2d 1347 (1975)
In re the MARRIAGE OF Donald D. ELLIS, Petitioner-Appellee,
Eleanor Ellis, Respondent-Appellant.
No. 74-609.
Colorado Court of Appeals, Div. III.
July 1, 1975.
Rehearing Denied July 22, 1975.
Certiorari Granted September 2, 1975.
*1348 Blakemore McCarty, Colorado Springs, for petitioner-appellee.
Carew & Birch, William L. Carew, Colorado Springs, for respondent-appellant.
Selected for Official Publication.
VanCISE, Judge.
Respondent, Eleanor Ellis, appeals that portion of the decree of dissolution of marriage in which the trial court refused to award her, on division of property, any portion of the military retirement pay of petitioner, Donald D. Ellis. We affirm.
This action was commenced in May of 1974 to dissolve a 20-year marriage. At the time of the hearing on final orders and dissolution in October of 1974, the oldest child was 19 and in college; the other three children, aged 15, 9, and 8, were living with the wife. The husband had retired from the regular army after 29 years of service and had received his first monthly retirement check of $1171 (from a gross of $1419). He also had another job paying $900 a month (from a gross of $1250).
The parties owned a modest amount of property, which the court distributed between them. It awarded most of the furniture and furnishings to the wife, a car (subject to encumbrance) to each, and the life insurance to the husband. The court gave the wife use of the house until the youngest child attained 18, after which the house is to be sold and the proceeds divided equally. She was required to make the loan payments and pay the expenses. The wife was granted an aggregate of $900 monthly as maintenance for herself and support for the three younger children, with incremental reductions in support as each child attains 18, ending with her receiving $300 maintenance. No order was entered as to the child in college, whom the husband was voluntarily assisting.
The husband was ordered to pay $500 of the wife's attorney fees and additional amounts for her other debts and expenses. As to the retirement pay, the court held that "she has no vested right, property right, in his retirement," but stated that it took the retirement pay into consideration in connection with the amount of maintenance and support awarded.
On appeal, the wife does not object to any portion of the order except the court's determination that the retired pay is not a vested property right and is only income of the husband. She contends that it is marital property and that she is entitled to a portion thereof, as received, as part of the division of property pursuant to § 14-10-113, C.R.S.1973. We do not agree.
*1349 Army retirement pay is something the soldier has earned, Berkey v. United States, 361 F.2d 983, 176 Ct.Cl. 1, and, because he is still subject to recall to active duty, Lemly v. United States, 75 F.Supp. 248, 109 Ct.Cl 760, is still earning, as a continuation of active duty pay on a reduced basis, Hostinsky v. United States, 292 F.2d 508, 154 Ct.Cl. 443. He has to serve at least 20 years to be eligible to retire, and can elect to retire at any time thereafter. 10 U.S.C. § 3911. This right to retirement pay can be said to have "vested" after 20 years, but he cannot start to draw it until he does retire and is still alive and, therefore, the right is subject to divestment on prior death or discharge. The amount of retired pay is wholly within the control of Congress, is presently based on rank and length of service at time of retirement, and the retired soldier can expect increases or reductions which may be legislated from time to time. See 10 U.S. C. § 1401a, § 3961, and § 3991; 6 C.J.S. Army and Navy § 20a(7).
The full amount of the retired pay is taxable income under § 61 (a) (11) of the 1954 Internal Revenue Code. The soldier makes no contributions to any retirement fund, nor is there any such fund under current law. See 10 U.S.C. §§ 3911 and 3991.
Army retired pay is not a fixed or tangible asset. At no time has it any cash surrender, loan, redemption, or lump sum value. It is payable monthly, but terminates on death. Prior to payment to the retired serviceman, the retired pay cannot be attached or garnished. See 6 Am.Jur.2d Attachment & Garnishment §§ 78 and 79. The right to the pension and the retired pay not yet due and payable cannot be assigned, sold, transferred, conveyed, or pledged. See 37 U.S.C. § 701(a) ; 6 C.J.S. Assignments § 21. Allotments deductible from such pay are limited to purchases of U.S. bonds or notes, payment of life insurance premiums, voluntary liquidation of indebtedness to the United States, and other allotments in effect prior to retirement. 32 C.F.R. §§ 59.2(6) and 59.3. The pension is not a "return derived from principal" as is the ordinary unearned income. See § 15-1-403(b), C.R.S.1973.
In support of her contention that the retired pay is property, the wife relies on authorities from community property states. There, retirement benefits have been held to be divisible property of the community to the extent the serviceman was married while in the service. In Re Marriage of Fithian, 10 Cal.3d 592, 111 Cal.Rptr. 369, 517 P.2d 449, even if divorce or dissolution of marriage occurred before he is eligible to receive retired pay, Payne v. Payne, 82 Wash.2d 573, 512 P.2d 736, but subject to divestment in the event of death, discharge, or resignation prior to actual retirement, Mora v. Mora (Tex.Civ.App.), 429 S.W.2d 660. However, even in California, it is not treated as true property because it "terminates with the death of the husband, and wife's share also terminates if she predeceases the husband"; the ex-wife's share does not pass to her heirs in event of her death before him. Fithian, supra.
Colorado is not a community property state, and that law does not control here. Section 14-10-113, C.R.S.1973, does not define "property"; it merely specifies that the "marital property" is to be divided "in such proportions as the court deems just."
No Colorado appellate court has ruled specifically on the issue of whether retired pay should be labeled as property under the current statute. Previous officially published opinions of this court have dealt only with army separation pay received in a lump sum and on hand or already spent at the time of the decree and hence treated like any other property, In Re Marriage of Moore, Colo.App., 531 P.2d 995, or with the absence of sufficient details of the husband's retirement plan to enable the trial court "properly [to] weigh this factor in making an equitable distribution." Ohr v. Ohr, 30 Colo.App. 540, 495 P.2d 1156.
Menor v. Menor, 154 Colo. 475, 391 P.2d 473, is indicative of the Supreme Court's *1350 attitude on this issue. There, the court held that "a trial court, in ordering a division of property, cannot award to the divorced wife a share in property which might be acquired by the ex-husband after the order for a division of property has been made." And in that same case, on the subject of insurance on the life of the husband, the court stated:
"The record discloses that this insurance policy has no cash surrender value and accordingly does not represent any asset proper for consideration on the theory that it is `property' which is subject to equitable division between the parties."
We hold that the husband's army retirement pension and the future retired pay to be received thereunder do not constitute "property" and are, therefore, not subject to division as such under § 14-10-113, C.R.S.1973. It is a resource of the husband in the nature of income to be received in the future, to be considered in fixing the amount of maintenance and child support which the husband is able to pay as related to the needs of the wife and children, §§ 14-10-114 and 115, C.R.S.1973, and is to be considered also as any other "economic circumstance" of the husband in determining a just division of the marital property, § 14-10-113(1) (c), C.R.S.1973.
Judgment affirmed.
STERNBERG, J., concurs.
RULAND, J., dissents.
RULAND, Judge (dissenting).
In respectfully dissent.
Pursuant to § 14-10-113(3), C.R.S.1973, and except for property acquired under circumstances not involved here, all "property" acquired by either spouse subsequent to marriage is deemed marital property and subject to division upon dissolution of the marriage. Viewed realistically, military retired pay constitutes compensation for past services, and in this case the right thereto was vested in the husband as of the time the marriage between these parties was dissolved. See In Re Marriage of Fithian, 10 Cal.3d 592, 111 Cal.Rptr. 369, 517 P.2d 449. In my view, a vested right to receive funds constitutes a property right, and I am unable to reconcile the fact that a lump sum payment taken in lieu of military retirement benefits must be treated as marital property, see In Re Marriage of Moore, Colo.App., 531 P.2d 995, with the view that the benefits themselves are not to be so treated. Furthermore, the fact that the right to the payments originally vested only in the husband does not affect the power of the trial court to make an equitable division thereof, see § 14-10-113(1), C.R.S.1973, since once the dissolution action has been filed, the legal interest of the wife becomes vested. Imel v. United States, Colo., 517 P.2d 1331. Hence, I would hold, that insofar as it accrued during the marriage, the husband's retired pay constituted marital property and should be considered in determining an equitable division of the marital estate.
While the trial court may properly consider this resource in establishing maintenance, as well as division of property, consideration of same only for the purpose of maintenance in this case would deprive the wife of her interest in the event she later married since no provision appears in the decree to the contrary. See § 14-10-122(2), C.R.S.1973. Hence, I would remand the case to the trial court for reconsideration of its decree based upon consideration of retired pay as marital property.