544 P.2d 639 (1975)
In re the MARRIAGE OF Beverly Jean POPE, Appellee, and
Reid Duane Pope, Appellant.
No. 75-050.
Colorado Court of Appeals, Div. II.
December 26, 1975.
Allen, Mitchell, Rogers & Metcalf, Jack D. Vahrenwald, Fort Collins, for appellee.
John E. Kochenburger, Kelsey J. Smith, Fort Collins, for appellant.
Selected for Official Publication.
PIERCE, Judge.
Appellant is the husband in this dissolution of marriage action. He appeals from a determination by the trial court, in its property dissolution order, that his contributions on deposit with the Colorado Public Employees Retirement Association (PERA) constitute marital property. The court included these contributions in calculating the total assets subject to division. We affirm.
The PERA fund is a creature of statute. See § 24-51-101 et seq., C.R.S.1973. Under this act, every state employee who is eligible to join PERA is required to pay into the retirement fund a percentage of his salary through the medium of payroll deduction. These contributions are then paid into a retirement fund which consists principally of the accumulated deductions from salaries of members. An individual account is maintained for each employee, equal to the full amount of the accumulated deductions withheld from that employee's salary. In the event that the employee terminates employment for any reason other than death or retirement, the full amount of accumulated deductions in that employee's individual account is refunded. In the event of death prior to termination by retirement, the accumulated deductions are paid in a lump sum to designated beneficiaries or heirs. In the event of retirement or disability, the employee receives a fixed annuity based on his final average salary, although there are other options available.
An examination of this statutory scheme leads to the conclusion that the PERA *640 system treats the accumulated deductions in the husband's account in a manner which makes them marital property. The funds are not subject to forfeiture in any manner, and are in some respects a forced savings account. The husband's interest in these funds was created out of deductions from his salary which otherwise would have been available to the parties during their marriage. His rights in the fund are fully vested and not subject to divestment.
The husband contends, however, that his interest in the fund is exempt under § 24-51-120, C.R.S.1973. That portion of the statute provides as follows:
"None of the moneys, annuities, or other benefits mentioned . . . shall be assignable either in law or in equity or be subject to execution, levy, attachment, garnishment, or other legal process, and they shall be exempt from any state income tax."
This statutory provision is inapplicable to the present situation. Here, the account itself is not affected, nor are the husband's individual rights in the fund altered. Under the facts before us, the trial court did not divide the accumulations between the parties, but merely considered the amount in determining the amount of other marital property to be retained by each, and no rights to this fund became vested in the wife in any manner. We find this treatment of this asset by the trial court to be neither analogous to an assignment, see Public Employees' Retirement Ass'n v. Johnson, 153 Colo. 239, 385 P.2d 415, nor to a garnishment. See Pueblo Regional Planning Commission v. Spytek, Colo.App., 542 P.2d 88 (announced Sept. 16, 1975).
The husband also argues that this case represents a situation similar to that in Menor v. Menor, 154 Colo. 475, 391 P.2d 473, in that the wife, in effect, is being awarded an interest in a specific portion of property to be received in the future which might impair the husband's freedom to deal with this property. As we have noted, the husband's interest in the PERA account is in no way impaired by the decree of the trial court ordering payment of certain sums in order to equalize the amount of property to be accorded to each party. The decree cannot be characterized as an award predicated on a potentiality of wealth as a result of changed conditions in the future, see Donnelly v. Donnelly, 167 Colo. 229, 449 P.2d 350; rather, it represents only a determination of the value of admittedly vested property rights at the time of dissolution. See Ohr v. Ohr, 30 Colo.App. 540, 495 P.2d 1156.
The husband also argues that his PERA account is analogous to a National Service Life Insurance policy so that the trial court lacked jurisdiction to consider it as an asset distributable upon the division of property. See, Reed v. Reed, 29 Colo.App. 199, 481 P.2d 125. In Reed, however, there was a specific federal statute which operated to prohibit the inclusion of the policy as a marital asset. Here, no such statute was involved, and the trial court properly premised its award on the mandatory language of § 14-10-113, C.R.S.1973.
Finally, the husband attempts to categorize his interest in his PERA account as a right not yet vested and therefore not property "acquired" during the marriage. See § 14-10-113, C.R.S.1973, and In re Marriage of Ellis, Colo.App., 538 P.2d 1347. The retirement pay considered in Ellis had not vested since it was subject to divestment by prior discharge of the employee, and since, prior to future retirement, the employee's rights had no cash surrender, redemption, or lump sum value. Moreover, the sums sought to be classified as marital property in Ellis were not created from the contribution of the insured's spouse.
In contrast, here, the interest of the husband or his estate is not subject to divestment by death or discharge. At some time, he or his estate must receive, at the very minimum, the amount of accumulated deductions in his individual account. His rights have a presently determinable cash surrender value equal to his salary deductions which otherwise would have been *641 available for the use of the parties during the marriage. Even though the husband's interest in the fund is, by its very nature, incapable of division in kind, the value of that interest was properly taken into account in this property division. See Schafer v. Schafer, 3 Wis.2d 166, 87 N.W.2d 803. The trial court did not abuse its discretion in this regard.
Judgment affirmed.
ENOCH and KELLY, JJ., concur.