In re the MARRIAGE OF Mary Sue
WARD, Appellant,

and

Terry Leon Ward, Appellee.

No. 81CA0432.

Colorado Court of Appeals,
Div. I.

Aug. 26, 1982.

Rehearing Denied Sept. 16, 1982.

Certiorari Denied Jan. 17, 1983.

Criswell, Patterson, McNamara, Myles & Bell, John A. Criswell, Englewood, for appellant.

Steven R. Newell, P.C., Steven R. Newell, Denver, for appellee.

TURSI, Judge.

In this dissolution of marriage action, Mary Sue Ward (wife) appeals from the trial court's order which did not consider the husband's pension plan as marital property. We affirm.

Wife contends that the present value of husband's pension plan should have been included in the division of marital property pursuant to § 14–10–113, C.R.S.1973. We disagree.

Husband's pension plan is one of the benefits conferred on him by his employer, the Martin Marietta Corporation, a publicly held corporation. The plan, which is funded solely by the employer, provides for 100% vesting of the employee benefits after ten years employment. The employee is entitled to receive full retirement income at age sixty-five, but receives retirement income at a reduced rate for retirement between age fifty-five and sixty-five. The actual amount of retirement income available to the employee depends upon the number of years employed with the corporation, the age at which the service was rendered, and the salary paid to the employee. Husband is presently 42 years old and has worked for his employer for 16 years.

If the employee dies before age fifty-five, but after vesting of the plan, the employee's named beneficiary receives a lump sum payment equal to the employee's final year salary. If death occurs after vesting of retirement benefits, and after the employee reaches age fifty-five, the named beneficiary receives monthly payments equal to seventy-five percent of the amount which the employee would have received had the employee retired on the date of death.

However, if the employee dies before age fifty-five and employment has been terminated before death, benefits are not paid. Thus, the plan is subject to total divestment. Further, the plan does not have cash surrender value, loan value, redemption value, or lump sum value. The employee has no right to assign, sell, transfer, convey, or pledge the plan as security.

A trial court cannot award to one spouse in a dissolution a share in property which might be acquired by the other spouse after the order for a division of property has been made. *Menor v. Menor,* 154 Colo. 475, 391 P.2d 473 (1964). This court has held that a spouse's future army retirement pension and retirement pay do not constitute property and are, therefore, not subject to division. *In re Marriage of Ellis,* 36 Colo.App. 234, 538 P.2d 1347 (1975), aff'd, 191 Colo. 317, 552 P.2d 506 (1976). In *Ellis,* the right to retirement pay vested after twenty years service, but the husband could not receive any benefits until he retired, and the right to benefits was subject to divestment on prior death or discharge. Further, the retirement pay had no cash surrender value, loan value, redemption value, or lump sum value, and the right to pension and retirement pay could not be assigned, sold, transferred, conveyed, or pledged.

A similar result was reached in *In re Marriage of Camarata,* 43 Colo.App. 317, 602 P.2d 907 (1979), where the husband's civil service retirement benefits that were contributed by his employer were held not to be marital property because the receipt of the benefits contributed by the employer was contingent upon the husband's survival. And, the court held in *Mitchell v. Mitchell,* 195 Colo. 399, 579 P.2d 613 (1978) that when a pension plan's future value is only speculative, and it has no present "exchangeable" value, it cannot be considered marital property.

Wife argues that *Ellis* and *Camarata* are distinguishable because in those cases the right to receive future payments could be defeated by either termination or by death. Here, wife contends that the element of speculation becomes minimal because the right of future payments is not divested either by employment termination or by death alone. However, the essential fact is that the pension plan is subject to total divestment. The fact that two contingencies (employment termination prior to age fifty-five and death prior to age fifty-five) must be present for total divestment

does not render the receipt of the pension benefits so secure as to make these activated benefits marital property. In light of the contingencies described above, "it would be unwise to consider as property" the pension plan at issue. *Mitchell v. Mitchell, supra.*

Judgment affirmed.

COYTE and VAN CISE, JJ., concur.