In re the **MARRIAGE OF David J. NELSON, Appellant,**

and

**Marilyn R. Nelson, Appellee.**

No. 83CA1289.

Colorado Court of Appeals, Div. II.

Aug. 1, 1985.

Rehearing Denied Sept. 19, 1985.

Certiorari Granted Dec. 16, 1985.

Ratcliffe & Chamberlin, Sarah D. Claassen, Steamboat Springs, for appellant.

Carlyle V. Perry, Steamboat Springs, for appellee.

METZGER, Judge.

In this dissolution of marriage action, husband, age 41, appeals from the trial court's property division order which included husband's pension plan either as marital property or as an economic circumstance. We reverse and remand for further proceedings.

█ A pension plan is not marital "property" under § 14–10–113 C.R.S. (1984 Cum.Supp.) if the plan lacks cash surrender value, loan value, redemption value, lump sum value, or value realizable after death. *Ellis v. Ellis*, 36 Colo.App. 234, 538 P.2d 1347 (1975), *aff'd*, 191 Colo. 317, 552 P.2d 506 (1976). Likewise, property which might be acquired in the future is not subject to division as marital property. *Menor v. Menor*, 154 Colo. 475, 391 P.2d 473 (1964). And, future pension benefits which are subject to divestment are not marital property. *In re Marriage of Ward*, 657 P.2d 979 (Colo.App.1982).

█ Here, husband's pension plan was funded solely by employer's contributions, it had no present exchangeable value, and receipt of benefits of any kind was contingent upon his reaching the age of 55. Accordingly, husband's pension plan was not marital property.

█ We agree as well with husband's contention that the trial court erred when it considered the pension plan to be an "economic circumstance" in its division of property.

█ Property must be valued as of the date of the dissolution hearing or as of the date of the property division hearing, whichever occurs first. Section 14–10–113(5), C.R.S. Where, as here, a pension plan bears none of the indicia of property as defined in *Ellis v. Ellis, supra,* it has no ascertainable value. Thus, it cannot be considered as an economic circumstance for purposes of property division.

Therefore, the order as to property division is reversed and the cause is remanded for further proceedings.

KELLY and BABCOCK, JJ., concur.