Shirley McGOVERN, individually and as next-of-friend of Albert J. McGovern, Jr., and Richard H. McGovern, Plaintiff-Appellant,

v.

Allen W. BROADSTREET, Defendant-Appellee.

No. 84CA0945.

Colorado Court of Appeals, Div. I.

Nov. 7, 1985.

Rehearing Denied Dec. 19, 1985.

Certiorari Denied June 2, 1986.

Karp & Dodge, Shelley P. Dodge, Sander N. Karp, Denver, for plaintiff-appellant.

Wood, Ris & Hames, P.C., Eugene S. Hames, Paula M. Ray, Denver, for defendant-appellee.

PIERCE, Judge.

Shirley McGovern, individually and on behalf of her children (McGovern) appeals from a summary judgment granted in favor of defendant, Allen W. Broadstreet (Broadstreet). We affirm.

The contentions of this appeal relate to a Federal Employees' Group Life Insurance policy (policy) found to have been maintained by McGovern's deceased husband prior to and during their dissolution proceedings. Broadstreet represented the husband in that divorce action. In her complaint against Broadstreet, McGovern alleges improper conduct, concealment, misrepresentation, and fraud regarding the alleged failure on the part of Broadstreet to inform her about the policy. At the core of McGovern's complaint and contentions is her assertion that had she had knowledge of the existence of this policy, she could have insisted on its inclusion in the final division of property as well as insisted that her two sons be designated as the beneficiaries of the policy. During the months that the divorce proceedings took place, the husband changed the beneficiary several times but finally designated a friend as the primary beneficiary and his sons only as alternatives.

In granting the motion for summary judgment, the trial court held:

"1. The majority rule is that a state court does not have the authority to order an insured under a federal employees group life insurance policy to maintain the insurance for a beneficiary designated by the court and to order such insured to refrain from thereafter changing the beneficiary.

"2. An insurance policy which has no cash surrender value does not represent an asset proper for consideration in a division of property in a dissolution of marriage case.

"3. Therefore, any misrepresentation concerning the existence of such a policy could not have affected the outcome of the [dissolution] proceedings."

We agree with these holdings of the trial court and therefore conclude that summary judgment was properly entered.

### I. State Court's Authority

■ The insurance policy in dispute here is governed by 5 U.S.C. § 8701, et seq. (1982 & Supp.1985). The pertinent provision of that act is found at 5 U.S.C. § 8705 (1982), which states that insurance benefits:

"[s]hall be paid to the beneficiary or the beneficiaries designated by the employee in a signed and witnessed writing received before death in the employing office.... For this purpose, a designation, change, or cancellation of beneficiary in a will or other document not so executed and filed has no force or effect."

In addition, the governing regulation states in pertinent part that:

"A change of beneficiary may be made at any time and without the knowledge or consent of the previous beneficiary, and this right cannot be waived or restricted." 5 C.F.R. § 870.901(e)(1984).

Similar statutory and regulatory provisions related to a National Service Life Insurance policy have been interpreted as prohibiting a state court from ordering the substitution or change of the designated beneficiary. *Wissner v. Wissner*, 338 U.S. 655, 70 S.Ct. 398, 94 L.Ed. 424 (1950). Accordingly, in *Reed v. Reed*, 29 Colo.App. 199, 481 P.2d 125 (1971), it was held that there is no jurisdiction in state courts under state law to control the designation or change of the beneficiaries of such policies in any way. The *Reed* court reasoned that federal law is controlling and that, under federal law, the right to change a beneficiary at any time is absolutely unrestricted except by federal regulations.

The similarity of the federal provisions discussed in *Reed, supra*, with those governing the policy here persuade us to apply the same reasoning. We therefore rule that a state court has no authority to order an insured under a Federal Employees' Group Life Insurance policy to change the beneficiary or to restrain such insured from changing the designation of a beneficiary. *See Metropolitan Life Insurance Co. v. McShan*, 577 F.Supp. 165 (N.D.Cal. 1983); *Knowles v. Metropolitan Life Insurance Co.*, 514 F.Supp. 515 (N.D.Ga. 1981).

However, the statute governing a National Service Life Insurance policy, interpreted in *Wissner, supra*, and in *Reed, supra*, states that "[A] beneficiary shall be excluded from taxation, shall be exempt from the claim of creditors, and shall not be liable to attachment, levy, or seizure by or under any legal or equitable process whatever, either before or after receipt by the beneficiary." 38 U.S.C. § 3101(a) (1982). This language is not included in the statute governing the type of policy at issue here. Consequently, a beneficiary of a Federal Employees' Group Life Insurance policy could be subject and liable to an attachment or levy (*e.g.*, a charging order) imposed by a state court in a dissolution proceeding and resultant division of property if such a policy is "property." Therefore, we must address whether the policy here could have been considered as an asset distributable by the court in McGovern's dissolution action.

### II. Marital Asset

■ The trial court's factual finding that the insurance policy here had no cash surrender value is supported by the record, and that finding is, therefore, binding on

appeal. *See Page v. Clark*, 197 Colo. 306, 592 P.2d 792 (1979).

Lacking cash surrender value, the policy here could not have been considered as "property" subject to division between the parties. *See Menor v. Menor*, 154 Colo. 475, 391 P.2d 473 (1964). Although *Menor* was decided under the predecessor statute we hold that a life insurance policy lacking cash surrender value has no objective, tangible, or vested value that can be divided, and therefore, is not "property" under the present dissolution of marriage act. *See In re Marriage of Ellis*, 36 Colo.App. 234, 538 P.2d 1347, *aff'd* 191 Colo. 317, 552 P.2d 506 (Colo.1976); *see also Graham v. Graham*, 194 Colo. 429, 574 P.2d 75 (1978).

Therefore, contrary to McGovern's allegations, the policy is not an asset "capable of being disposed of in the dissolution proceedings," nor was she injured "in the amount of the proceeds." While it is true that the trial court could have considered the policy in determining a just division of the marital property, *see Graham, supra; Ellis, supra*, there is no tangible or quantifiable way of measuring such a discretionary consideration. The mere possibility that such a consideration could have changed the property division in favor of McGovern is not a palpable nor genuine issue for trial in this action to prove damages against Broadstreet. Thus, McGovern could not prevail in this action, and Broadstreet was entitled to judgment as a matter of law. C.R.C.P. 56.

The judgment is affirmed.

KELLY and BABCOCK, JJ., concur.