William C. **FOXLEY**, Plaintiff–Appellant,

and

Durant D. **Davidson**, Appellant,

v.

Sandra M. **FOXLEY**, Lawrence Litvak, and Richard Raymond Alasko, Defendants–Appellees.

Nos. 94CA1979, 95CA0511.

Colorado Court of Appeals, Div. V.

Aug. 8, 1996.

As Modified on Denial of Rehearing Oct. 31, 1996.

Certiorari Denied June 30, 1997.

John M. Cogswell Law Offices, John M. Cogswell, Buena Vista, for Plaintiff–Appellant and Appellant.

Reiman & Associates, P.C., Jeff Reiman, Marcie Bayaz, Denver, for Defendant–Appellee Sandra M. Foxley.

Nichols & Hecht, L.L.C., Charles B. Hecht, Julie C. Tolleson, Denver, for Defendant–Appellee Richard Raymond Alasko.

Hamil Professional Corporation, J. Lawrence Hamil, Michelle W. Stern, Christina V. Miller, Denver, for Defendant–Appellee Lawrence Litvak.

Gary L. Polidori, Lakewood, for amicus curiae American Academy of Matrimonial Lawyers.

Opinion by Judge RULAND.

Plaintiff, William C. Foxley, appeals from the judgment dismissing his first amended complaint against defendants, Sandra M. Foxley, Lawrence Litvak, and Richard Raymond Alasko. Plaintiff and his former attorney, Durant D. Davidson, also appeal the order of the trial court awarding attorney fees to defendants. We affirm in part, reverse in part, and remand for further proceedings.

In December 1988, plaintiff filed a petition for dissolution of his marriage with defendant Foxley. A major asset in the marital estate was an art collection owned by the parties either directly or through a corporation owned by them.

Plaintiff designated two expert art appraisers, one of whom valued the art collection at approximately $39 million and the other valued it at $32 million. An expert appraiser originally engaged by defendant Foxley valued the art collection at approximately $39 million. However, approximately 20 days before trial, defendant Foxley designated a second expert appraiser, defendant Alasko, who valued the art collection at approximately $62 million.

Following the hearing on final orders in 1990, the dissolution court found Alasko's testimony on value persuasive, valued the art collection at $62 million, and divided the marital estate on that basis.

In lieu of an appeal by plaintiff, the parties entered into a settlement. Defendant Foxley accepted approximately $3 million less than she would have received pursuant to the court's final orders.

Plaintiff then filed a legal malpractice action against his dissolution attorney. Following discovery in his action against the dissolution attorney, plaintiff filed this action.

In his first amended complaint in this case, plaintiff asserted 10 claims for relief. The factual allegations in support of the claims require in excess of 17 pages. In support of all of the claims, plaintiff alleged that he had discovered for the first time a number of facts, which called the Alasko appraisal into question.

In summary, plaintiff alleges that Alasko was an officer of the American Society of Appraisers but that he failed to comply with a number of the appraisal requirements of that association as well as its Code of Ethics in preparing his appraisal. Plaintiff further alleges that Alasko failed to disclose these omissions and instead certified that he had complied with these requirements. In addition, plaintiff alleges that Alasko misrepresented his qualifications and knowledge to do the appraisal.

Of more importance, plaintiff alleges that Alasko was retained in secrecy by defendants Litvak and Foxley to perform the appraisal in violation of the then applicable Colorado Rules of Civil Procedure and that his appraisal was deliberately not disclosed until just prior to trial. In addition, plaintiff in effect makes allegations from which it may be inferred that defendants agreed in ad-

vance on what the total appraisal should be before it was completed and that the analysis deliberately was skewed to support the pre-determined value.

Plaintiff alleges that Alasko also committed perjury in his deposition and at trial concerning what information he had seen in preparing his appraisal and that defendants Litvak and Foxley were aware of the mis-statements at the time. Further, he alleges that Alasko's misrepresentation as to whether he had reviewed another appraiser's report was made in order to avoid the use of that report at trial for impeachment purposes.

Based upon these and other allegations, plaintiff alleges that Alasko's appraisal opinion was, among other things, a "fraud or a sham." Further, plaintiff alleges that all defendants conspired to proceed with the appraisal in this manner in order to conceal the defects in the appraisal from the dissolution court and to deprive plaintiff of an opportunity to investigate and challenge the appraisal at the dissolution trial. While plaintiff asserts that his dissolution counsel was negligent in representing him, plaintiff claims that he is "without fault" in failing to take earlier action to discover and rectify the fraud.

Plaintiff asserted claims for equitable relief and damages. In the first three claims for relief (equitable claims), plaintiff asked that the dissolution decree be vacated, and that he be relieved from any further obligation under the settlement agreement. He also asked that defendant Foxley be ordered to repay certain amounts to plaintiff that were previously paid under that agreement. As a second equitable claim, plaintiff requested entry of an injunction enjoining defendant Foxley from enforcing a promissory note executed in connection with the settlement agreement. As a final equitable claim, plaintiff requested imposition of an equitable resulting or constructive trust claiming that amounts paid in excess of $4 million to defendant Foxley should be deemed the property of plaintiff and that she be deemed as a trustee to hold those assets for the benefit of plaintiff.

In his damage claims, plaintiff alleged appraisal malpractice, breach of fiduciary duty, and negligent misrepresentation by Alasko. In a separate claim, plaintiff alleged that Alasko aided defendant Foxley in breaching her fiduciary duty to plaintiff.

As to defendant Foxley, plaintiff alleged damage claims for breach of fiduciary duty. As to Litvak, plaintiff asserted damage claims for breach of fiduciary duty, abuse of process, and aiding defendant Foxley in her breach of fiduciary duty to plaintiff.

As to all defendants, plaintiff alleged a conspiracy to commit unlawful acts consisting of "tortious interference with prospective pecuniary benefits to the plaintiff resulting from the dissolution trial," a "tortious interference with the dissolution relationship and the property rights flowing from the status of marriage," as well as "tortious interference with the judicial process, outrageous conduct, fraud and breach of fiduciary duty."

In response to the amended complaint, each of the defendants filed motions pursuant to C.R.C.P. 12(b)(5) to dismiss the complaint asserting various deficiencies in the pleading as well as immunity. Among their contentions, defendants argued that any determination of damages claimed by plaintiff would be totally speculative. The trial court granted defendants' motions on all of the grounds urged.

Following entry of the judgment of dismissal, the trial court conducted an evidentiary hearing on defendants' requests for attorney fees pursuant to §§ 13–17–201 & 13–17–102, C.R.S. (1987 Repl.Vol. 6A) and C.R.C.P. 11. Following that hearing, the court awarded all fees requested based upon both statutes and the rule. This award consisted of approximately $72,000 jointly and severally against plaintiff and Davidson in favor of Litvak, $35,000 in favor of defendant Foxley, and $14,000 in favor of Alasko.

I

Relying upon *McGovern v. Broadstreet*, 720 P.2d 589 (Colo.App.1985), defendants argued in the trial court that all of the damage claims must be dismissed because any damages awarded pursuant to those claims were totally speculative. In *McGovern*, a division of this court held that under the facts of that case, there was no

"tangible or quantifiable way" to measure what a trial court might do on retrial of permanent orders in a dissolution case because of the discretion the court is authorized to exercise over the division of property.

As noted, the trial court adopted this argument as one basis for dismissal of the damage claims. Plaintiff has not challenged that ruling on appeal. Accordingly, defendants contend that the trial court's dismissal of the damage claims must be upheld on this basis. We agree.

When, as here, the trial court dismisses a complaint based upon alternative grounds, we must consider each. *See Sussman v. University of Colorado Health Sciences Center*, 706 P.2d 443 (Colo.App.1985). Failure to challenge any one of those grounds on appeal in effect requires that we accept that ruling as the law of the case. *See People v. Allen*, 885 P.2d 207 (Colo.1994). Further, plaintiff may not challenge the trial court's ruling for the first time in his reply brief. *People v. Czemerynski*, 786 P.2d 1100 (Colo.1990). Accordingly, we affirm the dismissal of the damage claims.

## II

Relying upon *Southeastern Colorado Water Conservancy District v. Cache Creek Mining Trust*, 854 P.2d 167 (Colo.1993), plaintiff contends that the trial court erred in dismissing his equitable claims in which he sought collaterally to attack and vacate the dissolution decree and the settlement agreement based upon allegations of conspiracy to perpetrate fraud on the court. We agree.

In *Southeastern*, our supreme court noted the long-standing rule that a judgment may be vacated if it is established that extrinsic fraud was committed upon the trial court. *See also Dudley v. Keller*, 33 Colo.App. 320, 521 P.2d 175 (1974) (independent equitable action is available to set aside a judgment if fraud prevented presentation of a claim).

The court in *Southeastern* also noted that perjury by a witness does not constitute extrinsic fraud. However, in footnote 11 of the opinion, the court stated:

> Obvious examples of fraud upon a court are bribery or other corruption of the court or where an attorney is complicitous in perpetrating the fraud.

In addressing the merits of a motion to dismiss, we must take all allegations of material fact in the complaint as true. Those allegations must also be viewed in a light most favorable to plaintiff. Finally, we may uphold the dismissal of plaintiff's complaint only if such is based upon a determination that "beyond doubt plaintiff cannot prove facts in support of the claim that would entitle plaintiff to relief." *Dorman v. Petrol Aspen, Inc.*, 914 P.2d 909, 911 (Colo.1996).

Here, plaintiff has made allegations from which a fact finder could infer that Litvak, Alasko, and defendant Foxley actively participated in a conspiracy to commit extrinsic fraud upon the dissolution court by offering in evidence an expert appraisal that was a sham. The fact finder could also infer that these parties deliberately concealed the deficiencies in the appraisal and denied plaintiff an opportunity to discover those deficiencies as well. Such findings would necessarily invalidate the settlement agreement if, as plaintiff alleges, the wrongful conduct was discovered after the agreement was signed.

Therefore, under *Southeastern Colorado Water Conservancy District*, we conclude that plaintiff's allegations are sufficient to state claims for equitable relief from the dissolution decree and settlement agreement and for such appropriate relief as is permissible in conjunction with the collateral attack on a judgment.

Contrary to defendants' contention, we do not view footnote 11 in *Southeastern* as nonbinding dictum given the language used and the fact that this type of conduct is considered to be extrinsic fraud generally. *See Hazel–Atlas Glass Co. v. Hartford–Empire Co.*, 322 U.S. 238, 64 S.Ct. 997, 88 L.Ed. 1250 (1944); 7 *Moore's Federal Practice* § 60.33 (2d ed. 1976). We, of course, indicate no opinion whether the allegations by plaintiff can be proven.

## III

Plaintiff and Davidson contend that the trial court erred in awarding attorney fees to defendants on various grounds. To the extent that such fees were awarded based upon plaintiff's equitable claims to vacate the judgment, that award must be reversed.

## A

Plaintiff and Davidson contend that the award of fees for dismissal of its damage claims was error because plaintiff was pursuing a good faith attempt to establish new tort claims in this jurisdiction and to extend application of other legal theories to the circumstances here. We disagree.

Again, we must accept as the law of the case the trial court's ruling that the determination of any damages on these claims was speculative. Based on this premise, we necessarily conclude that plaintiffs' damage claims were frivolous.

A claim is frivolous if no rational argument based on the law can be advanced in support of the claim. *Western United Realty, Inc. v. Isaacs,* 679 P.2d 1063 (Colo. 1984). And, damages may not be awarded as a matter of law if the fact of damage is speculative. *See Peterson v. Colorado Potato Flake & Mfg. Co.,* 164 Colo. 304, 435 P.2d 237 (1967). Hence, a pleading that seeks damages that may not be recovered as a matter of law is necessarily frivolous. Accordingly, that part of the award must be affirmed.

## B

Plaintiff and Davidson contend that the trial court also erred in awarding attorney fees and costs in the amount of approximately $17,200 to Litvak, $8,300 to defendant Foxley, and $7,500 to Alasko for costs, preparation, and presentation of evidence at the hearing on defendants' request for fees and costs. Specifically, plaintiff contends that there is no specific finding that plaintiff's challenge to the amounts of fees and costs claimed was "frivolous." Indeed, plaintiff asserts that his position was not frivolous based upon testimony of a retired trial judge who was qualified as an expert and testified that the amounts claimed by the various attorneys for defendants were "excessive." We conclude that this award must be reversed.

Absent a finding that the defense to a motion for fees under § 13–17–102, C.R.S. (1987 Repl.Vol. 6A) lacks substantial justification, fees and costs may not be awarded for challenging that defense. *Parker v. Davis,* 888 P.2d 324 (Colo.App.1994). We view that analysis as necessarily applicable to fees requested under § 13–17–201, C.R.S. (1987 Repl.Vol. 6A) and C.R.C.P. 11. And, there is no contention here that defense of the motion was frivolous. Accordingly, this part of the award is reversed. *See Little v. Fellman,* 837 P.2d 197 (Colo.App.1991).

That part of the judgment dismissing plaintiff's equitable claims to vacate the dissolution court judgment is reversed, and the cause is remanded for further proceedings consistent with the views expressed in this opinion. That part of the attorney fees award for defending against plaintiff's request for fees and for dismissal of plaintiff's equitable claim is reversed, and the cause is remanded for further proceedings to determine the reasonable amount of fees and costs to be awarded to defendants based upon dismissal of the damage claims only. All other provisions of the judgment are affirmed.

ROY and SMITH*, JJ., concur.