Charles E. Moore, Appellee, v. Dorothy Martin Braun et al., Appellants.
Dorothy Martin Braun and Ada Martin Wintermann, Appellants, v. Charles E. Moore, Appellee.

Gen. No. 8,373.

Opinion filed October 20, 1931.

Connelly, Walker, Searle & Hubbard, for appellants; Franklin P. Searle, of counsel.

Marshall & Marshall, for appellee.

Mr. Justice Wolfe delivered the opinion of the court.

This is a proceeding in chancery to construe the will of Gilpin Moore, who died, a resident of Rock Island county, Illinois, on February 9, 1900. His will, a construction of which is sought in this litigation, is as follows:

"I, Gilpin Moore, of the City of Rock Island in the County of Rock Island in the State of Illinois, being of sound mind and memory do make, publish and declare this my last Will and Testament in the manner following, to-wit:

"First: It is my will that all my debts be first paid as soon after my decease as practicable.

"Second: That there shall be set off to my beloved wife, Jennie B. Moore, her rights in my real estate and that she shall be paid her rights in my personal estate.

"Third: I give, devise and bequeath one-fourth of the remainder of my estate to Truesdale L. Moore as Trustee to have and to hold the same in trust for the benefit of my son, Charles Moore, with instructions to said Trustee to invest such portion of my estate so coming into his hands and preserve the same using from the income of the same and if necessary from the principal thereof for the proper support and maintenance of my said son, and he shall do this under the control and direction of the Court of Rock Island County having competent jurisdiction of such matter, to which he shall make an annual report of his acts and doings as such Trustee.

"He shall also give a bond with good security in such sum as the said Court shall fix and determine for the faithful performance of his duties as such Trustee.

"And I do hereby direct that in case that my said son Truesdale L. Moore cannot serve as such Trustee or dies in such case I do hereby direct that the said

Court shall appoint a Trustee in his place and stead, to carry out said Trust.

"Fourth: The remainder and residue of my estate both real and personal and mixed and wherever situated shall be divided into three parts and I give, devise and bequeath one part to each of my remaining children, viz.:

"One share to my son Truesdale L. Moore of Kansas City, Missouri; one share to my beloved daughter, Mrs. Ada Martin of Davenport, Iowa, and one share to my beloved daughter, Anna Moore, to have and to hold unto them and their heirs forever.

"Fifth: I do hereby nominate and appoint my beloved daughter, Mrs. Ada Martin and my beloved wife, Jennie B. Moore, Executrices of this my last Will and Testament.

"In Witness Whereof I have hereunto set my hand and seal this 11th day of November, A. D. 1898.

Gilpin Moore (Seal)"

This will was admitted to probate in the county court of Rock Island county on March 7, 1900. Truesdale L. Moore, the trustee nominated in the will, having declined to accept the trusteeship, on or about October 1, 1900, the circuit court of Rock Island county appointed one Wellington H. Martin as trustee under said will. The executors of the estate of Gilpin Moore, deceased, turned over to him a fourth of the assets of the estate remaining after the payment to the widow of her share. He continued to act as trustee until his death in December, 1927, when the Peoples Savings Bank and Trust Company of Moline, Illinois, was appointed by the circuit court as his successor in trust.

The beneficiary, Charles E. Moore, is still living. The Peoples Savings Bank and Trust Company of Moline continues to act as trustee under direction of the circuit court of Rock Island county. The trust estate administered by it is composed entirely of per-

sonal property, and the present value of the trust estate is in the vicinity of $350,000.

At his death Gilpin Moore left surviving him as heirs his widow, Jennie B. Moore, and four children, Charles E. Moore, Truesdale L. Moore, Adah Martin and Anna Moore. Ada Martin Wintermann and Dorothy Martin Braun, the appellants here, are the daughters of Adah Martin, and by virtue of the will of their mother and a declaration of trust executed by Wellington H. Martin, their father, have succeeded to the rights of their mother in the trust estate in question here.

The controversy in this case arises between Charles E. Moore, the appellee here, on the one hand, and Ada Martin Wintermann and Dorothy Martin Braun, appellants on the other hand, who made conflicting claims as to the true construction of the will of Gilpin Moore, and the controversy centers around the third clause of this will. It was contended by the appellants in the trial court, and is on this appeal, that the trust created by this third paragraph of the will is an active one continuing for the lifetime of Charles E. Moore; that no disposition was made of the remainder after the death of Charles E. Moore, and that therefore such remainder passed by the residuary clause of the will, the fourth clause, and vested in the residuary legatees therein named; that therefore Charles E. Moore has merely an equitable life estate in the trust estate, and that at his death the residuary devisees named in the fourth clause of the will, or their heirs or legatees, will come into possession of said trust fund, to the exclusion of the heirs or legatees of Charles E. Moore, the life tenant. These contentions were made below by the appellants in their answer to the bill of complaint, and in a cross-bill filed by them.

Charles E. Moore, appellee here, on the other hand, has contended that the third paragraph of the will of Gilpin Moore created in him an equitable fee in the trust estate therein provided for; that at any time he

is entitled to demand and call on the trustee of said trust for a conveyance of the trust property to him; that at his death any part of the trust estate remaining undisposed of will descend to his heirs or legatees, in fee.

Both appellants and appellees prayed a construction of the will according to their respective contentions. Charles E. Moore, prior to the filing of his bill, acquired releases from Anna Moore, now Spear, one of the residuary legatees in the will of Gilpin Moore, and from Elizabeth Clare Moore, who inherited all the interest in said trust fund of Truesdale L. Moore, another of the residuary legatees.

The chancellor below, in his decree, held that it was the testator's intention to devise and bequeath a one-fourth part of the remainder of his estate, after his wife's claim had been satisfied, to his son Charles E. Moore and his heirs, but to withhold from said Charles E. Moore during his lifetime the active management and control thereof, which management and control it was the intention of the testator should be vested in a trustee during the life of Charles E. Moore, as provided in the will; and also held that Charles E. Moore was seized of an equitable fee in the trust estate (and not a mere life estate), and that in the event that he should die intestate the trust property remaining in trust shall pass to and vest in fee, as intestate property to the heirs and surviving widow, or that in the event that he die testate, then that such trust property shall vest in and pass to his legatees, as his will may provide.

From this decree the appellants are prosecuting their appeal to this court. In their brief their principal contention is that the remainder after the life of Charles E. Moore was entirely undisposed of by clauses of the will; that an equitable life estate, merely, was created in Charles E. Moore; that the remainder of the trust estate created in the third paragraph of the will has

become vested in the residuary legatees named in the fourth paragraph, who, or the heirs of whom, will come into possession of the remainder upon the death of Charles E. Moore, to the exclusion of his heirs or legatees.

There are no disputed facts in the case, so the sole question to be decided is the construction to be placed upon the will of Gilpin Moore. The appellant and appellee have each cited many authorities in support of their respective contentions. In our opinion the facts in the case of *Wagner v. Wagner,* decided by this court and reported in vol. 149 Ill. App., page 73, and later affirmed by the Supreme Court and reported in vol. 244 Ill., page 101, are very similar. In the *Wagner* case, as in this case, the devise created a spendthrift trust for the benefit of the testator's sons. In the *Wagner* case as in the *Moore* case no provision was made for the distribution of the trust estate upon the termination of the trust. In the *Wagner* case, as in this case, the trustees could, at their discretion, use any part or all of the principal fund in caring for the *cestui que trust* if they deemed it advisable. The Wagner sons filed a bill asking the court to construe the language of the will and declare the different interests of the parties. This court through Justice Dibell held that because the devise was made for the benefit of the sons and the trustee was empowered to use not only the income but to invade the principal, even to the extent of its entire consumption, showed an intention on the part of the testator to devise and bequeath an equitable fee. In affirming the decision of the Appellate Court, Justice Farmer, who wrote the opinion said, ''Neither do we think it necessary to the creation of a spendthrift trust that there should be a gift over upon the termination of the trust. As we read and understand the codicil, it was the intention of the testator that the whole of the property might be

used by the trustees for the support and maintenance of the sons, or they might terminate the trust during the lifetime of the sons and deliver over the corpus to them. Whether the trust was terminated by the voluntary act of the trustees or by the death of the sons, if at the time of such death there remained all or a portion of the fund, it was the intention of the testator that it should go to their heirs, and a failure to make a gift over to the heirs does not render the trust invalid, as being in violation of any rule of law or public policy. This construction renders testate the entire estate, and constructions of wills producing this effect are favored in law.''

The appellants contend that the language used by Justice Farmer in this case is mere *dicta,* and it was not necessary to decide this point to dispose of the case. Justice Dibell seemed to be of the opinion that it was not necessary to pass upon this question, but left it to be disposed of in the future. The Supreme Court seems to be of the opinion that it was a part of the case and decided the point in question. We are of the opinion that a study of this case discloses that the language used by the Supreme Court in this case is not *dicta,* but is one of the controlling points in the proper construction of the Wagner will. In our opinion the language used in the *Wagner* case is applicable to the facts in this case and should be controlling in regard to the construction of the Moore will.

We are of the opinion that the chancellor properly held that Charles Moore, by the will of his father, had an equitable fee in the trust estate; that he had a right to dispose of it by will in the event he cared to do so, and if he did not make a will the funds should pass to his heirs at his death. The judgment of the circuit court of Rock Island county is hereby affirmed.

*Affirmed.*