**LAKE SHORE NATIONAL BANK and Melvin R. Luster, as Executors of the Last Will and Testament of Arthur M. Luster, Deceased, Plaintiffs-Appellants,**

**v.**

**E. C. COYLE, Jr., District Director of Internal Revenue, Defendant-Appellee.**

**No. 17464.**

United States Court of Appeals Seventh Circuit.

Dec. 30, 1969.

Julian J. Luster, Chicago, Ill., for plaintiffs-appellants; Luster & Luster, Chicago, Ill., of counsel.

Johnnie M. Walters, Asst. Atty. Gen., Lee A. Jackson, Jonathan S. Cohen, Paul M. Ginsburg, Attys., Dept. of Justice,

Washington, D. C., for defendant-appellee; Thomas A. Foran, U. S. Atty., of counsel.

Before SWYGERT and FAIRCHILD, Circuit Judges, and ESCHBACH, District Judge.[1]

SWYGERT, Circuit Judge.

This appeal concerns a suit for refund of alleged overpayments of estate taxes instituted by plaintiffs, Lake Shore National Bank and Melvin R. Luster, as executors of the estate of Arthur M. Luster, deceased. The district court was presented with two issues on cross-motions for summary judgment. They were: (1) whether the estate was entitled to a marital deduction in the amount of $200,000; and (2) whether the estate was entitled to recover $7,-105.61 as an alleged overpayment of interest. The court held for the estate on the first issue and the District Director has not appealed that determination. On the second issue the court held for the District Director and the estate appeals.[2]

The facts are undisputed. Arthur Luster died on August 13, 1960. On November 13, 1961 the estate filed a preliminary estate tax notice along with a remittance of $54,600 and an election to pay a portion of the estate tax in installments as provided in section 6166 of the Internal Revenue Code.[3] In April 1962 an estate tax return was filed showing a net taxable estate of $581,600.48 and a tax thereon of $158,596.16. Of the amount owed in taxes, $132,427.79 or 83.5 percent of the estate qualified for installment treatment. A ten-year installment schedule was established providing for payments of $13,242.78 plus interest at a rate of four percent calculated on the balance of tax outstanding due November 13 of each year beginning in 1961.

The $54,600 previously deposited was applied to the estate's tax liability as follows: $26,168.38 constituted full payment of that portion of the tax which was not deferrable; $13,242.78 paid the first installment due November 13, 1961; and the remaining $15,188.86 was applied to the second installment due November 13, 1962. The District Director maintains that $17,402.63 ($13,242.78 plus $4,159.85 which constituted interest at four percent on $103,829.65, the balance then outstanding) was due on that date. The estate does not question this calculation. No additional payment was made in 1962 and under the District Director's theory the estate was in default on November 13, 1962.

1. Judge Jesse E. Eschbach is sitting by designation from the United States District Court for the Northern District of Indiana.

2. The memorandum opinion of the district court is reported at 296 F.Supp. 412 (N.D.Ill.1968).

3. Section 6166 of the Internal Revenue Code of 1954 provides in pertinent part:

(a) *Extension Permitted.*—If the value of an interest in a closely held business which is included in determining the gross estate of a decedent who was (at the date of his death) a citizen or resident of the United States exceeds either—

(1) 35 percent of the value of the gross estate of such decedent, or—

(2) 50 percent of the taxable estate of such decedent,

the executor may elect to pay part or all of the tax imposed by section 2001 in two or more (but not exceeding 10) equal installments. * * *

(b) *Limitation.*—The maximum amount of tax which may be paid in installments as provided in this section shall be an amount which bears the same ratio to the tax imposed by section 2001 (reduced by the credits against such tax) as the value of the interest in a closely held business which qualifies under subsection (a) bears to the value of the gross estate.

\* \* \* \* \*

(e) *Date for Payment of Installments.*—If an election is made under subsection (a), the first installment shall be paid on or before the date prescribed by section 6151(a) for payment of the tax, and each succeeding installment shall be paid on or before the date which is one year after the date prescribed by this subsection for payment of the preceding installment.

No payments were made during 1963 and 1964 thus producing a default on the installments for those years. On July 16, 1965 the estate made a payment of $50,427.94, an amount sufficient to pay the overdue installments and the interest due thereon. Two weeks later the District Director served notice and demand upon the estate for full payment of the balance of the tax owed. On October 28, 1965 the estate paid $53,568.21, the balance of tax then owing. On the same day the estate made a payment of interest on the tax, computed at a six percent rate, in the amount of $21,316.83.

The estate argues that it is entitled to a refund of $7,105.61, exactly one-third of the amount in interest actually paid. The estate's position is based upon two contentions either of which, if correct, will entitle it to a refund.

## I. The Interpretation of Section 6601

The estate contends that section 6601 of the Internal Revenue Code [4] does not provide for interest at a rate of six percent under any circumstances if an extension of time for payment of estate taxes has been granted under section 6166. Sole reliance is placed upon the language of subsection (b) of section 6601 which provides that when time for payment is extended under section 6166, interest on the balance shall be paid at four percent rather than the six percent rate generally applicable under subsection (a) of the same section.

This argument is in error. Congress intended the general provisions of subsection (a) to apply to overdue installments permitted under section 6166. The operation of subsection (b) was explained by Congress as follows:

> *Rate of Interest.*—Subsection (e) of this section of the bill amends subsection (b) of section 6601 of the 1954 Code, relating to interest on extension of time to pay estate tax, to provide that interest shall be payable on any amount of estate tax, including a deficiency, which comes within the scope of section 6166, at the rate of 4 percent per annum instead of the normal rate of 6 percent per annum which is provided by subsection (a) of section 6601. However, if any amount of such tax is not paid on or before the expiration of the period of extension applicable thereto, the 6 percent rate will apply from the date of such expiration to the date the tax is paid. H.R.Rep.No. 2198, 85th Cong., 2d Sess. 20–21; 1959–2 Cum.Bull. 709, 723.

A careful reading of section 6601 demonstrates that Congress has carried

---

4. Section 6601 of the Internal Revenue Code of 1954 provides in pertinent part:

(a) *General Rule.*—If any amount of tax imposed by this title (whether required to be shown on a return, or to be paid by stamp or by some other method) is not paid on or before the last date prescribed for payment, interest on such amount at the rate of six percent per annum shall be paid for the period from such last date to the date paid.

(b) *Extensions of Time for Payment of Estate Tax.*—If the time for payment of an amount of tax imposed by chapter 11 is extended as provided in section 6161(a) (2) or 6166, or if the time for payment of an amount of such tax is postponed or extended as provided by section 6163, interest shall be paid at the rate of four percent, in lieu of six percent as provided in subsection (a).

(c) *Last Date Prescribed for Payment.*—For purposes of this section, the last date prescribed for payment of the tax shall be determined under chapter 62 with the application of the following rules:

(1) *Extensions of Time Disregarded.*—The last date prescribed for payment shall be determined without regard to any extension of time for payment.

\* \* \* \* \*

(4) *Last Date for Payment Not Otherwise Prescribed.*—In the case of taxes payable by stamp and in all other cases in which the last date for payment is not otherwise prescribed, the last date for payment shall be deemed to be the date the liability for tax arises (and in no event shall be later than the date notice and demand for the tax is made by the Secretary or his delegate).

out this intent. Subsection (b) provides that the four percent rate will be charged only if the taxpayer has been granted an extension of time under sections 6166 or 6161(a) (2).[5] Section 6161(a) (2) is designed to give additional extensions for individual installments to taxpayers already benefiting from the provisions of section 6166. The inclusion of reference to section 6161 (a) (2) means that failure to obtain a further extension under that section will bring the penalty rate of six percent into play on the overdue installment. Any other interpretation would make the reference to section 6161(a) (2) in section 6601(b) superfluous. Thus interest at a rate of six percent on the amount of an overdue installment will be charged according to section 6601(c) (4) from "the date the liability for tax arises," *i. e.*, the date for payment of the installment under section 6166(e). This reading of section 6601 is strongly supported by the treasury regulation interpreting that section.[6]

## II. The Interpretation of Section 6166(h)

The District Director argues that section 6166(h) (3)[7] provides for automatic acceleration, thus making the entire balance due if the taxpayer is in default on one installment. If the District Director is correct then interest at a rate of six percent calculated from November 13, 1962 is due on the entire balance of tax owed, since, according to section 6601

(c) (4), tax liability for the entire balance arose on that date. The estate maintains that the District Director's position misinterprets section 6166(h) (3) and that service of notice and demand for payment upon the taxpayer is a precondition for acceleration. Since it paid an amount sufficient to cover past installments before notice and demand was received, the estate argues that the default was cured. If we accept this argument then the estate is entitled to a refund. However, since the estate is liable for interest on overdue installments at a rate of six percent, the refund to which the estate would be entitled is somewhat less than $7,105.63.

The District Director relies primarily upon the treasury regulation interpreting section 6166(h) (3). That regulation provides:

(c) *Failure to pay installment on or before the due date.* If any installment or tax is not paid on or before the date fixed for its payment (including any extension of time for the payment thereof), the whole of the unpaid portion of the tax which is payable in installments becomes due and shall be paid upon notice and demand from the district director. Treas.Reg. § 20.6166-3(c) (1960).

By the inclusion of the words "become due" the regulation makes clear that the liability of the taxpayer to pay the entire balance of tax owed occurs upon the

5. Section 6161 of the Internal Revenue Code of 1954 provides:
*Extension of Time for Paying Tax*
(a) *Amount Determined by Taxpayer on Return.*

    \*     \*     \*     \*     \*

(2) *Estate Tax.*—If the Secretary or his delegate finds—

    \*     \*     \*     \*     \*

(B) that the payment, on the date fixed for the payment of any installment under section 6166, of any part of such installment

    \*     \*     \*     \*     \*

would result in undue hardship to the estate, he may extend the time for payment for a reasonable period not in excess of 10 years from the date pre-

scribed by section 6151(a) for payment of the tax.

6. Treas.Reg. § 301.6601-1(b) (2) (1959).

7. Section 6166(h) (3) of the Internal Revenue Code of 1954 reads:

(3) *Failure to Pay Installment.*—If any installment under this section is not paid on or before the date fixed for its payment by this section (including any extension of time for the payment of such installment), the unpaid portion of the tax payable in installments shall be paid upon notice and demand from the Secretary or his delegate.

failure to make timely payments on a single installment.

The estate argues that a regulation is void if it is inconsistent with the statute. The rule governing the effect to be given to treasury regulations was stated by the Supreme Court in Koshland v. Helvering, 298 U.S. 441, 446–447, 56 S.Ct. 767, 80 L.Ed. 1268 (1935), as follows:

> Where the act uses ambiguous terms, or is of doubtful construction, a clarifying regulation or one indicating the method of its application to specific cases not only is permissible but is to be given great weight by the courts. * * * But where, as in this case, the provisions of the act are unambiguous, and its directions specific, there is no power to amend it by regulation.

We think the statute in the instant case is clear and, therefore, we decline to follow the treasury regulation.

When interpreted in light of the remainder of subsection (h), it is clear that Congress did not intend subsection (h) (3) to provide for automatic acceleration. We are particularly persuaded by subsection (h) (1),[8] which provides for automatic acceleration in the event that fifty percent of the assets of a closely held business are withdrawn or sold. In that subsection Congress made clear its intent to provide automatic acceleration by the use of the words "extension of time for payment of tax provided in this section shall cease to apply." Since both subsections were enacted as part of the Small Business Tax Revision Act in 1958, the failure of Congress to provide expressly for automatic acceleration in subsection (h) (3) demonstrates that Congress intended notice and demand to be a precondition for acceleration.

The provision for automatic acceleration in subsection (h) (1) and not in subsection (h) (3) fully comports with Congressional intent in the enactment of section 6166. Section 6166 was enacted to relieve estates which consist largely of interests in a closely held business from the immediate imposition of estate taxes and thereby to avoid the necessity of a partial or complete sale of a small business. In subsection (h) (1) Congress undoubtedly reasoned that if an estate were financially able to withdraw or sell fifty percent of the assets of a closely held corporation, then the policy underlying section 6166 was no longer applicable and automatic acceleration was appropriate. In contrast, the generous motives which prompted Congress to grant relief under section 6166 would be frustrated if subsection (h) (3) were interpreted to provide for automatic acceleration. Since estates which are late on installment payments are often those most in need of the relief granted under section 6166, Congress intended to give some flexibility to the District Director in handling late installments. The District Director's interpretation of section 6166 would require extinguishment of the right to pay in installments even if an estate inadvertently failed to pay an installment on time. We think Congress intended to avoid this harsh result by providing that acceleration under subsection (h) (3) would only occur if the District Director serves notice and demand for payment on the taxpayer.

8. Section 6166(h) (1) of the Internal Revenue Code of 1954 reads:
   (h) *Acceleration of Payment.*—
   (1) *Withdrawal of funds from business; disposition of interest.*—
   (A) If—
   (i) aggregate withdrawals of money and other property from the trade or business, an interest in which qualifies under subsection (a), made with respect to such interest, equal or exceed 50 percent of the value of such trade or business, or

(ii) 50 percent or more in value of an interest in a closely held business which qualifies under subsection (a) is distributed, sold, exchanged, or otherwise disposed of,
then the extension of time for payment of tax provided in this section shall cease to apply, and any unpaid portion of the tax payable in installments shall be paid upon notice and demand from the Secretary or his delegate.
   *   *   *   *   *

This judgment is reversed and remanded to the district court to determine the amount of refund to which the estate is entitled.