In re the MARRIAGE OF Gordon S. ROSENBLUM, Appellant,

and

Sandra Z. Rosenblum, Appellee.

No. 78–477.

Colorado Court of Appeals, Div. III.

Aug. 16, 1979.

Rehearing Denied Sept. 13, 1979.

Certiorari Granted Nov. 5, 1979.

Thomas C. Seawell, Denver, for appellant.

Mason, Reuler & Peek, P. C., Maurice Reuler, Rosanne M. Hall, Denver, for appellee.

VAN CISE, Judge.

In this dissolution of marriage action, the husband appeals the permanent orders. We reverse.

The parties were married in 1954. They have two children, both boys, born in 1958 and 1960. Decree of dissolution and permanent orders were entered in December 1977.

In 1963, an irrevocable trust was created by the husband's mother as a gift to the beneficiaries, who were and are her son (the husband) and such of his issue as may be living at the time of each distribution. It was funded with $200,000 worth of stock. The husband and his sister were and remain the co-trustees, serving without pay. The trustees are authorized in their absolute discretion to distribute "all, none or any part" of the net income and principal to any of the beneficiaries, to make unequal distributions, or to withhold all income from "one or more or all." However, so long as the husband is a trustee, income or principal may not be distributed to him in excess of that necessary for his "health, education, support or maintenance." The trust instrument further provides that "no beneficiary shall have any right or power to enforce the payment of principal or income to himself or any other person." On the husband's death, the trust assets are to be divided into separate trust, one for each child living and one collectively for the issue of a deceased child, and in no event do these assets go to the husband's estate.

The trial court found that the value of the trust assets at the time of the hearing was approximately $3,500,000. The evidence before the trial court indicated, and the court found, that the husband had used the assets of this trust on occasions as if he were the sole owner thereof. There was evidence that the husband handled all transactions of the trust and that the co-trustee acceded to his decisions. The husband had borrowed money from the trust, sometimes without interest, and these loans were often made without the formality of promissory notes. The sums borrowed were used for his living expenses and business enterprises. Nevertheless, the court determined that this behavior did not have the effect of setting aside the trust and causing its assets to be his sole property. Instead, it held that "[t]his is a duly constituted trust that fulfills all the requirements of a valid trust, and it should stand as an entity in and of itself."

The court found on supporting evidence that, other than the trust, the parties had marital assets totaling $423,843 and liabilities of $349,220 for the husband and $36,650 for the wife plus substantial amounts owed for attorney fees. The husband's gross income for the current year was in excess of $80,000, exclusive of any distributions from the trust.

The court ordered joint custody of the boys, and directed the husband to pay their school expenses and $200 per month per child to the wife when they were with her. The wife was given maintenance of $2,000 per month for 14 months, and then $1,500, $1,000, and $500 per month for each succeeding 12 month period, after which maintenance was to terminate.

In dividing the property and liabilities, the court awarded the wife $50,000 in cash to be paid by the husband in 1978, plus $68,300 in other assets, and ordered the husband to pay her then debts and $28,000 on her attorney fees. The court then held that even though the trust was not marital property, the husband's interest in the total increase in the value of the trust assets was marital property pursuant to § 14–10–113(4), C.R.S.1973. Finding that the increase in the value was in excess of $3,000,-000, that there were three present beneficiaries of the trust, and that the wife was entitled at most to one-half of the husband's share of the increase, the trial court arrived at a figure of $500,000 as the wife's interest in the increase. It then directed the husband to pay this amount to her in annual $100,000 installments commencing in January 1979. Although the court indicated that it was considering this increase "in awarding other non-trust assets to the [wife], without actually invading the assets that brought about the increase," the effect of the order was to require an invasion of the trust assets for the benefit of the non-beneficiary wife.

The husband contends that the trial court erred in considering his rights in the trust assets as property and the appreciation in value as marital property when dividing the property of the parties. We agree.

■ Where the trust permits the trustees to distribute to a beneficiary or beneficiaries so much, if any, of the income and principal as they in their discretion see fit to distribute, a beneficiary has no property interest or rights in the undistributed funds. 2 *A. Scott, Trusts* § 128.3 (3rd ed. 1967). Although a beneficiary of such a discretionary trust does have rights therein, those rights are merely an expectancy and do not rise to the level of property. *See In re Marriage of Ellis*, 36 Colo.App. 234, 538 P.2d 1347, *aff'd* 191 Colo. 317, 552 P.2d 506 (1976).

■ Husband's rights in the trust have no cash surrender, loan, redemption, or lump sum value, and no value realizable after death. *See Marriage of Ellis, supra.* Neither could the corpus or income of the trust be reached by his creditors until a distribution occurred. *See Scott, supra* § 147.2.

■ Thus, we conclude that the husband's rights in the trust are not "property" subject to division as such under § 14–10–113, C.R.S.1973. However, his rights in the trust are to be considered by the court as any other "economic circumstance" of the husband in determining a just division of the marital property pursuant to § 14–10–113(1)(c), C.R.S.1973, and as a "relevant factor" in making an award of maintenance. Section 14–10–114(2), C.R.S.1973. *See In re Marriage of Graham*, Colo., 574 P.2d 75 (1978). The trial court therefore erred in treating the increase in the value of the trust assets as marital property subject to disposition.

Our decision here is consistent with prior holdings. *In re Marriage of Pope*, 37 Colo. App. 237, 544 P.2d 639 (1975), and *In re Marriage of Mitchell*, Colo., 579 P.2d 613 (1978), held the husband's PERA retirement fund to be marital property subject to division because his rights to this money were fully vested. This court and the Supreme Court have consistently held, however, that it is "unwise to consider as property those items which have no present value and which may never acquire value." *See In re Marriage of Mitchell, supra.* In this case,

the husband's beneficial interest in the discretionary trust has no present value and is thus not "property."

*In re Marriage of Kaladic*, Colo.App., 589 P.2d 502 (1978), is not to the contrary. There, this court held that the trial court properly set aside the wife's fraudulent conveyance of marital property into an irrevocable trust set up for her benefit. As that case was premised upon the fraudulent transfer, and did not hold that the wife's interest in a valid pre-existing trust was marital property, it is not applicable here.

The improper $500,000 award was the key feature in the permanent orders and affected the division of the marital assets, the liabilities including attorney fees, and the amount of maintenance. *See Carlson v. Carlson*, 178 Colo. 283, 497 P.2d 1006 (1972). Therefore, the portions of the permanent orders pertaining to disposition of assets, payment of debts and attorney fees, and payments to be made by the husband to the wife for maintenance or as part of division of property, are reversed and the cause is remanded for a new trial on disposition of assets and liabilities and on maintenance (based on the effect of the new property division order and the circumstances of the parties at the time of the forthcoming hearing, *See In re Marriage of Femmer*, Colo. App., 568 P.2d 81 (1977)). The present order concerning maintenance shall continue in effect as a temporary order pending further action by the trial court.

SILVERSTEIN and STERNBERG, JJ., concur.