**LaSALLE NATIONAL BANK, as Trustee under Trust of Virginia Schnadig Bensinger, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

No. 85 C 7760.

United States District Court, N.D. Illinois, E.D.

June 19, 1986.

Thomas F. Roche, James F. Flanagan, Michael T. Reid, Halfpenny, Hahn & Roche, Chicago, Ill., for plaintiff.

Joseph Cammarata, Trial Atty., Tax Div., Washington, D.C., for defendant.

**ORDER**

BUA, Judge.

This action was brought by LaSalle National Bank (plaintiff), under 26 U.S.C. § 7426, as Trustee under the trust of Virginia Schnadig Bensinger seeking an order that a levy served upon LaSalle, as trustee, by the Internal Revenue Service (IRS) was unlawful, and also seeking an injunction prohibiting enforcement of said levy by the

United States. Before the Court are the parties' cross-motions for summary judgment. For the reasons stated below, this Court denies the plaintiff's motion and grants defendant's motion for summary judgment.

## I. FACTS

On February 18, 1960, Virginia Schnadig Bensinger established a trust, naming the plaintiff as trustee. The settlor died on October 11, 1961. Upon her death, Hope Allen became the sole beneficiary of the trust. Upon the death of Hope Allen on October 28, 1963, Edward S. Mayer became and continues to be the sole beneficiary under the trust.

Since 1980, the trust has made and continues to make monthly payments on behalf of Mayer for rent, food, insurance, water, utilities, and clothing. Other expenses provided for by the trust include reasonable medical, legal, and accounting fees. The trust also paid for a new automobile in 1980, tuition at Sheldon State Technical School in 1983, income tax liability in 1984, and will provide for income tax liability in 1985. Since Mayer is currently unemployed, all but an insignificant portion of his support, maintenance and medical needs are paid by the trust. The value of the corpus of the trust was approximately $148,000 as of December 31, 1985.

On June 11, 1984, an assessment was made against Mayer for income tax, interest, and penalty for the year 1983. The assessment was attributable, in part, to the liquidation and distribution of the assets of another trust which was established by Mayer's grandmother. He failed to pay the amount demanded. On June 22, 1985, the Internal Revenue Service served a Notice of Levy upon LaSalle National Bank, as trustee, seeking collection of the unpaid tax assessment. The amount of the unpaid assessment for the 1983 income tax liability, interest and penalty is $9,348.02, plus statutory additions from the date of assessment equaling a total of $11,232. LaSalle National Bank, as trustee, has refused to honor the levy, despite being requested in 1984 by Mayer to pay the tax. A Notice of Federal Tax Lien was filed on February 28, 1986 with the Cook County Recorder of Deeds.

## II. DISCUSSION

Plaintiff asserts that Mayer's interest in the Bensigner Trust does not constitute "property or right to property" under Illinois law and therefore may not be attached by the Internal Revenue Service pursuant to 26 U.S.C. § 6321.

In addition, plaintiff asserts that Mayer's beneficiary interest in the trust is protected from creditors by Chapter 110, § 2–1403 of the Illinois Revised Statutes. Briefly, this statute provides that a trust established in good faith by a third party for the debtor may not be attached by a creditor.

The defendant, United States, asserts that Mayer's beneficiary interest does constitute "property or right to property" under Illinois law and therefore LaSalle National Bank is in possession of an attachable interest under tax lien statutes. Defendant further states that once a legal interest is defined by state law, the legal consequences of such an interest are determined solely by federal law and that Chapter 110, § 2–1403 is inapplicable to tax liens imposed by the IRS.

The first key issue to be determined by the Court is whether Mayer's interest in the trust constitutes "property or right to property" under Illinois law. The Court must then determine what consequences, if any, derive from this legal interest.

### A. Existence of Property Right

Pursuant to 26 U.S.C. Section 6321, a federal tax lien arises in favor of the United States in the amount of any unpaid tax upon all property and right to property of any person who, after demand thereof, refuses to pay said tax. Both parties agree that the Court must use Illinois law because "state law controls in determining the nature of the legal interest which the taxpayer had in the property." *Aquilino v. United States*, 363 U.S. 509, 513, 80 S.Ct. 1277, 1280, 4 L.Ed.2d 1365 (1960),

quoting *Morgan v. Commissioner*, 309 U.S. 78, 82, 60 S.Ct. 424, 426–27, 84 L.Ed. 585, 1035 (1940).

■ Plaintiff argues that the Bensinger Trust, which is a spendthrift trust, does not constitute a property interest under Illinois law. Defendant states that Mayer's interest in the Bensinger Trust does constitute a property interest. Two important factors which must guide the Court on this issue are the settlor's intent and prior case law.

Settlor's intent is important when determining trust construction. *Bond v. Moore*, 236 Ill. 576, 86 N.E. 386 (1908). In the instant case, there is strong evidence to indicate the intention of the settlor to create a property interest in the beneficiary. The trust agreement provides in Article One, Paragraph (c): "I declare that my primary intent is to provide adequate care, support, maintenance needed for him during his lifetime and I desire that the use of income and principal be dependent on his needs." The Court finds that this wording indicates a clear intent to establish an equitable interest in the beneficiary.

The fact that the settlor intended to limit the trustee's discretion is evidenced by the fact that the agreement states in Article One, Paragraph (c), "the trustee shall use...." The word "shall" indicates that an obligation to pay is imposed on the trustee. This obligation is also supported by deposition testimony on the part of La-Salle National Bank's Trust Administrator, Nancy O'Leary. Finally, the fact that the trust does in fact pay a significant portion of Mayer's expenses, support, and maintenance lends support to the contention that the settlor intended to create a property interest in the beneficiary.

Illinois common law supports defendant's claim that a beneficiary's interest in a spendthrift trust constitutes "property or right to property." There are several cases in which the courts have found that a spendthrift trust created an equitable fee interest. *Wagner v. Wagner*, 244 Ill. 101,

91 N.E. 66 (1910); *Steib v. Whitehead*, 111 Ill. 247 (1884); *Moore v. Braun*, 263 Ill. App. 243 (2nd Dist.1931); *Lake Shore National Bank v. Coyle*, 296 F.Supp. 412 (N.D.Ill.1968), *rev'd on other grounds*, 419 F.2d 958 (7th Cir.1969); and *DeKorwin v. First Nat. Bank of Chicago*, 170 F.Supp. 112 (N.D.Ill.1958), *aff'd*, 275 F.2d 755 (7th Cir.1960). Moreover, plaintiff has failed to point out, and there seem to be no cases directly stating that a beneficiary's interest in a spendthrift trust does not constitute "property or right to property" under Illinois law.

After examining evidence of the settlor's intent and prior Illinois case law, the Court is persuaded that Mayer's beneficiary interest in the trust constitutes "property or right to property."

The Court is not persuaded by plaintiff's assertion that Chapter 110, § 2–1403 is a "rule of property" and therefore serves to protect Mayer's interest. Plaintiff's argument proves too much. Section 2–1403 protects a beneficiary's interest in spendthrift trusts from attachment by certain creditors. A property interest must exist in order for it to be protected by the statute. Therefore, the existence of this statute implies that a property right exists in a beneficiary's interest in a spendthrift trust.

B. Attachment of IRS Levy

Defendant's position is that, once a property interest has been defined under state law, consequences are to be defined solely by federal law. Defendant further asserts that, when there is a conflict between federal tax liens and state protection statutes, the tax lien will prevail over the state statute. Plaintiff counters that Edward Mayer's beneficiary interest falls squarely within the protection of Chapter 110, § 2–1403 of the Illinois Revised Statutes which states:

No court shall order the satisfaction of a judgment out of any property held in trust for the judgment debtor if such trust has, in good faith, been created by, or the fund so held in trust has proceed-

ed from a person other than the judgment debtor.

■ The general rule is that, once the court finds that the taxpayer has property or a right to property in a trust under state law, any state law is inoperative to prevent attachment of a lien created by federal statutes. *U.S. v. Bess*, 357 U.S. 51, 78 S.Ct. 1054, 2 L.Ed.2d 1135 (1958). The rule which is often enunciated was stated by the Court of Appeals of New York in *In re Rosenberg's Will*, 269 N.Y. 247, 199 N.E. 206 (N.Y.1935), *cert. denied, Rosenberg v. U.S.*, 298 U.S. 669, 56 S.Ct. 834, 80 L.Ed. 1392 (1936). This rule states: "No policy of state may interfere with power of Congress to levy and collect income taxes." This rule has been followed in several federal courts. *Mercantile Trust Co. v. Hofferbert*, 58 F.Supp. 701 (D.Md.1944); *U.S. v. Canfield*, 29 F.Supp. 734 (S.D.Cal.1939). *See generally, First Northwestern Trust Company v. Internal Revenue Service*, 622 F.2d 387 (8th Cir.1980); *U.S. v. Rye*, 550 F.2d 682 (1st Cir.1977). The Illinois Supreme Court has recently ruled that, under certain circumstances, a competing state statute can prevail over Chapter 110, § 2–1403. *In Re Matt*, 105 Ill.2d 330, 85 Ill.Dec. 505, 473 N.E.2d 1310 (Ill.1985).

■ In the instant case, it has been established that there is "property or right to property" under Illinois law. Therefore, a federal tax lien will attach under 26 U.S.C. 6321 and Chapter 110 § 2–1403 of the Illinois Revised Statutes will be ineffective to protect the property from the IRS levy attaching. Since LaSalle National Bank, as trustee, was in possession of the trust at the time of attachment, it is obligated to pay the tax liability arising from the assessment, under 26 U.S.C. § 6332(a).

### III. CONCLUSION

For the reasons stated above, plaintiff's motion for summary judgment is denied and defendant's motion for summary judgment is granted.

IT IS SO ORDERED.