**UNITED STATES of America, Plaintiff,**

v.

**James DELANO a/k/a James Delano, Jr., and David Delano as co-trustees of the Anna Delano Trust, and State of Colorado, Defendants.**

No. 99–S–2209.

United States District Court, D. Colorado.

Nov. 2, 2001.

Scott M. Estill, Assoc. Tax Centre, Inc., Denver, CO, Edward Imatani, Banks & Imatani, P.C., Lakewood, CO, for James Delano, David Delano.

Mark Widmann Gerganoff, Atty. General's Office Denver, CO, for State of Colorado.

## MEMORANDUM OPINION AND ORDER

SPARR, Senior District Judge.

THIS MATTER is before the court on the United States' Motion for Summary Judgment (filed April 30, 2001) and the Co–Trustees' Motion For Partial Summary Judgment (filed May 4, 2001). The court has considered the motions, the Co–Trustees' Response (filed June 13, 2001), the United States' Response (filed June 13, 2001), the United States' Reply (filed July 10, 2001), the entire case file, and the applicable law and is sufficiently advised in the premises. This court has jurisdiction over the subject matter of this case pursuant to 26 U.S.C. § 7402(a) and 28 U.S.C. §§ 1340 and 1345.

### I. *Background*

The United States initiated this civil action to collect the outstanding personal income tax obligations of Defendant James Delano by foreclosing a federal tax lien on his interest in the Anna Delano Trust, a testamentary trust created by his late mother. James Delano is the sole beneficiary of the trust and serves as Co–Trustee.[1] The State of Colorado was named as a Defendant in this action because it had an existing lien against James Delano. The State, however, recently disclaimed interest in the property against which foreclosure is sought.

The primary issue before the court is whether James Delano's interest in the Anna Delano Trust constitutes a "property right" to which a federal tax lien can attach. Both parties have moved for summary judgment on this issue.

### II. *Summary Judgment Standard*

The court may grant summary judgment where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and the ... moving party is entitled to judgment as a matter of law."

---

1. In her Will, Anna Delano named Paul Kennedy as the other Co–Trustee. See Will, Art. VII § 7.2. Approximately two years after her death, James Delano exercised his power to remove Mr. Kennedy and replaced him with his son, David Delano.

Fed.R.Civ.P. 56(c); *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 250, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *Concrete Works of Colorado, Inc. v. City & County of Denver,* 36 F.3d 1513, 1517 (10th Cir. 1994). The moving party bears the initial burden of showing an absence of evidence to support the nonmoving party's case. *Celotex Corp. v. Catrett,* 477 U.S. 317, 325, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). "Once the moving party meets this burden, the burden shifts to the nonmoving party to demonstrate a genuine issue for trial on a material matter." *Concrete Works,* 36 F.3d at 1518 (*citing Celotex Corp.,* 477 U.S. at 325, 106 S.Ct. 2548). The nonmoving party may not rest solely on the allegations in the pleadings, but must instead designate "specific facts showing that there is a genuine issue for trial." *Celotex Corp.,* 477 U.S. at 324, 106 S.Ct. 2548; Fed.R.Civ.P. 56(e). The court may consider only admissible evidence when ruling on a summary-judgment motion. *World of Sleep, Inc. v. La-Z-Boy Chair Co.,* 756 F.2d 1467, 1474 (10th Cir.1985). The factual record must be viewed in the light most favorable to the nonmoving party. *Concrete Works,* 36 F.3d at 1518.

### III. *Analysis*

 When a taxpayer fails to pay federal tax upon demand, a federal tax lien arises and attaches to "all property and rights to property" belonging to the delinquent taxpayer. 26 U.S.C. § 6321; *Matter of Carlson,* 580 F.2d 1365, 1368–69 (10th Cir.1978). However, such a lien cannot attach to property in which the taxpayer has no "property" interest. *Aquilino v. United States,* 363 U.S. 509, 512, 80 S.Ct. 1277, 4 L.Ed.2d 1365 (1960); *Carlson,* 580 F.2d at 1369. The nature of a taxpayer's interest in property is determined by state law. *United States v. National Bank of Commerce,* 472 U.S. 713, 722, 105 S.Ct. 2919, 86 L.Ed.2d 565 (1985); *United States v. Brosnan,* 363 U.S. 237, 240, 80 S.Ct. 1108, 4 L.Ed.2d 1192 (1960). Under Colorado law, the beneficiary of a discretionary trust has a mere expectancy rather than a property interest in the trust. *In Re Balanson,* 25 P.3d 28, 41 (Colo.2001) (*citing In re Marriage of Jones,* 812 P.2d 1152, 1156–57 (Colo.1991)); *In re Marriage of Rosenblum,* 43 Colo.App. 144, 602 P.2d 892, 894 (1979).

With respect to the nature of the Anna Delano Trust, the parties agree that there are no disputed issues of material fact. Instead, their only dispute concerns whether the language of the Will creates a discretionary trust. "The interpretation of a written instrument, such as a trust [or Will], is a question of law." *Matter of Trusts Created by Ferguson,* 929 P.2d 33, 36 (Colo.App.1996). Accordingly, this is a purely legal issue appropriate for resolution by summary judgment.

To determine whether the Anna Delano Trust is a discretionary trust, the court looks to the language of the trust instrument. The Anna Delano Trust was created by the following testamentary provision:

> During my son's lifetime, my trustee shall pay to or apply for the benefit of my son so much of the income or principal, or both, as my trustee in its sole and absolute discretion shall deem necessary or advisable for his maintenance, health, education, comfort and welfare. My trustee may, but need not, consider all funds known to my trustee to be available to him. Any undistributed income may be added to principal from time to time in the discretion of my trustee.

Last Will of Anna F. Delano at Article IV § 4.2(a). (Exhibit A to Co–Trustees' Motion.)

 The Will instrument does not expressly state the nature of the trust. Nor has this precise language been interpreted by Colorado courts. Although *similar* language has been held to create a discretion-

ary trust, the court finds those cases distinguishable. Most notably, unlike the Anna Delano Trust, those trusts expressly granted the trustee discretion to withhold payments to the beneficiaries. *See Rosenblum*, 602 P.2d at 893 (trustees had absolute discretion to distribute "all, *none, or any part of*" of the trust income or principal) (emphasis added); *Jones*, 812 P.2d at 1156 ("the trustees *may* pay or apply for the benefit of the [beneficiaries] . . . in their uncontrolled discretion. . . .") (emphasis added). Where a Trustee is given discretion to refuse all payments to the beneficiary, the beneficiary clearly has a mere expectancy rather than a property interest. That, however, is not the case here.

■ Under longstanding principles, a trust instrument must be construed in accordance with the settlor's intent as discerned from the entire instrument. *Ferguson*, 929 P.2d at 36; *Matter of Trust Created by Belgard* 829 P.2d 457, 459 (Colo.App.1991). Based upon other provisions of Anna Delano's Will, the court finds sufficient evidence to support the conclusion that she intended James Delano to receive at least some payments under the trust. First, the court notes that James Delano is the sole beneficiary of the trust and that the trust, by its terms, terminates upon his death. *See* Will at Article IV § 4.2(b). (Ex. A to Co–Trustees' Mot.) Second, James Delano has discretion to terminate the trust and retain all trust assets "without regard to the remainder beneficiaries." *Id.* at § 4.2(c).

The plain language of the trust provision supports this interpretation. Anna Delano's choice of language ("Trustee shall pay") suggests that she intended to compel the trustee to make some payment. Had she intended a pure discretionary trust, she could have substituted the word "may" for "shall." *See Jones*, 812 P.2d at 1156 (finding a discretionary trust where the

instrument provides "the trustee *may* pay or apply") (emphasis added). The court further notes that Anna Delano used the word "may" instead of "shall" in the very next sentence of the trust provision. *See* Will at Art. IV § 4.2(a). (Ex. A to Co–Trustees' Mot.)

The court rejects the argument that the "sole and absolute discretion" given the Co–Trustees permits discretion to make no payments. *See* Co–Trustees' Mot. at 5. In this trust instrument, the word "shall" directly precedes the word "pay" while the "sole and absolute discretion" follows "so much of the income or principal, or both." Accordingly, the court concludes that the settlor intended the trustees' discretion to relate only to the amount of the payment and whether it came from trust income, principal, or both. The court finds nothing in this interpretation which is either internally inconsistent or contrary to law or public policy. Furthermore, this interpretation is in accord with the construction applied by other courts. *See Magavern v. United States*, 550 F.2d 797, 801 (2nd Cir. 1977) (concluding that the language "Trustee shall pay over or use, apply and expend whatever part or all of the net income or principal" creates a property right, not a discretionary trust, because "it does not give [the trustee] the authority to deny a particular beneficiary anything at all"); *La Salle Nat'l Bank v. United States*, 636 F.Supp. 874, 876 (N.D.Ill.1986) (concluding that the word "shall" indicated the settlor's intent that the trustee was obligated to pay); *United States v. Taylor*, 254 F.Supp. 752, 755–56 (N.D.Cal.1966)(determining that the discretionary language related only to the trustees' determination of the amounts to be payed); *State ex rel. Sec'y of Soc. Rehab. & Servs. v. Jackson*, 249 Kan. 635, 822 P.2d 1033, 1038–39 (1991) (concluding that the instrument which contained both mandatory and discretionary language did not create a dis-

cretionary trust because the mandatory language controlled the distribution and the discretionary language controlled only the amount and timing of the payments).

The Co–Trustees further argue that when discretion is tied to a determination of need, a trustee may, in his discretion, determine that no funds are needed. *See Myers v. Kansas Dep't of Soc. & Rehab. Servs.,* 254 Kan. 467, 866 P.2d 1052, 1057 (1994) (determining that where disbursement is tied to a discretionary determination of need, the trustee has no duty to pay a specific sum or any sum at all). *And see Texas Commerce Bank Nat'l Ass'n v. United States,* 908 F.Supp. 453, 458–59 (S.D.Tx.1995) (interpreting similar language as creating a discretionary trust). Although the court finds the *Myers* analysis compelling, the court is not persuaded that Anna Delano intended her trust provision be so construed.

The language of the Anna Delano Trust is distinguishable from the trust in *Myers* in two important ways. First, the Anna Delano Trust expressly authorizes the Trustee to disregard the beneficiary's financial need. *See* Will at Art. IV § 4.2(a) ("My Trustee may, but need not, consider all funds known to my Trustee to be available to him.") (Ex. A to Co–Trustees' Mot.) Based upon this language and the entire will instrument, the court concludes that Anna Delano did not intend her Trustee to withhold all payments if he determined that the beneficiary did not need the funds. Second, the court notes that the *Myers* Trustee was an independent professional entity. Where, as here, the settler names the sole beneficiary as Co–Trustee, it is far less compelling that a discretionary determination of need would result in no payment at all. *Cf. Jones,* 812 P.2d at 1156–57 (reasoning that a beneficiary's satisfaction is "highly speculative" because he can not force the trustee to "pay income or principal"); *Texas Com-*

*merce Bank Nat'l Ass'n,* 908 F.Supp. at 458 (finding a pure discretionary trust based on the reasoning that where property "is given to trustees to be applied, in their discretion, *to the use of a third person,* no interest goes to the third person until the trustees have exercised this discretion") (emphasis added). Where a Trustee exercises discretion for his own benefit rather than that of a third party, the beneficiary's satisfaction is no longer "highly speculative."

For the reasons explained above, the court concludes, as a matter if law, that James Delano has a property interest in the Anna Delano Trust. This interest differs from other property rights only in that it has no permanently fixed dollar value. The United States moves the court to liquidate the Trust to the extent of James Delano's interest. Therefore, for purposes of foreclosing the lien, the court must determine the extent of James Delano's interest. Because James Delano is the sole beneficiary of the Anna Delano Trust, because the trust terminates upon James Delano's death, and because the trust permits James Delano to terminate the trust "without regard to the remainder beneficiaries," the court finds James Delano has 100% interest in the trust assets.

As a final matter, the court addresses the Co–Trustees' assertion that a genuine issue of material fact exists with respect to the amount of James Delano's tax obligations. Co–Trustees' Response at 1. In his capacity as a Co–Trustee, James Delano lacks standing to challenge the validity or amount of assessments made against the individual taxpayer, James Delano. Even if the Co–Trustees had standing to make such a challenge, they have not presented sufficient evidence to rebut the presumptive evidence presented by the United States in support of their motion. *See Guthrie v. Sawyer,* 970 F.2d 733, 737–

38 (10th Cir.1992) (Certificate of Assessments and Payments was sufficient proof of adequacy and propriety of notices and assessments absent evidence to the contrary). *And see United States v. Schaeffer* 245 B.R. 407, 412 (D.Colo.1999) (for purposes of summary judgment, a Form 4340 is prima facie evidence of valid assessment). Therefore, the Co–Trustees have not raised a genuine issue of material fact with respect to the amounts or validity of the assessments.

Accordingly, IT IS ORDERED that:

1. Co–Trustees' Motion for Partial Summary Judgment is DENIED.

2. The United States' Motion for Summary Judgment is GRANTED to the extent that it seeks a declaration that Defendant James Delano's beneficiary interest in the Anna Delano Trust constitutes a property interest to which a federal tax lien may attach and be foreclosed upon.

3. In order to reduce Defendant James Delano's tax obligations to a final judgment, the United States shall file documentation setting forth the total amount of the assessments made by the IRS against James Delano a/k/a James Delano, Jr. for unpaid federal income taxes for 1985–88 tax periods, including the amount of interest and penalties accrued, if any, to a date certain, and allege any future interest or penalties to be determined with specificity. Such documentation shall be filed with the court within thirty days from the date of this Order.

4. Defendants shall have twenty days from the date such documentation is filed to file any objections.