**In re the MARRIAGE OF Cheryl A. GUINN, Appellant,**

**and**

**David L. Guinn, Appellee.**

**No. 02CA1775.**

Colorado Court of Appeals, Div. IV.

Feb. 26, 2004.

Certiorari Denied July 19, 2004.*

following issue:

Cox, Mustain–Wood, Walker & Schumacher, LLC, Mary Jane Truesdell Cox, Littleton, Colorado, for Appellant.

Fontana & Associates, P.C., Sarah W. Quinlan, Denver, Colorado, for Appellee.

Opinion by Judge GRAHAM.

Cheryl A. Guinn (wife) appeals from the property division entered as part of the trial court's permanent orders in this proceeding to dissolve her marriage to David L. Guinn (husband). She specifically challenges the trial court's determination that husband's income interest in an irrevocable trust created by his parents did not constitute a property interest. We affirm.

Whether the court of appeals erred in determining that a husband's sole right to income throughout his lifetime from an irrevocable trust wherein the trustee had a mandatory obligation to distribute all income to the husband and discretion to distribute the corpus to the husband pursuant to the terms of the trust, but where husband did not have an ownership interest in the corpus and cannot control how the corpus is invested is not property for purposes of C.R.S. 14-10-113.

The parties married in 1987, and their marriage was dissolved in 2002. In 1990, husband's parents created an irrevocable generation-skipping trust. Under the terms of the trust, husband is to receive the net income in annual or more frequent distributions. The trust also allows discretionary payment of corpus to husband if such payments are reasonably necessary for husband's health, maintenance, support, and education. Upon husband's death, the corpus is to remain in trust for the benefit of husband's descendants. Husband has no power of appointment or other right to direct the disposition of the trust. In short, husband is a lifetime income beneficiary, and his children hold the remainder.

The trial court found, and the parties do not dispute, that husband had no property interest in the corpus of the trust, although he had a right to so much of the income as the trustees elected to allocate during his life.

Husband's parents initially funded the trust with $400,000 worth of publicly traded stock. They made subsequent cash contributions of $16,000 in 1999 and $51,000 in 2000, for total contributions of $467,000. At the time of the permanent orders hearing, the trust corpus had appreciated to approximately $818,869.

The pertinent powers granted to the trustees include the power to invest in any kind of property, the power to determine in the exercise of reasonable discretion what is principal and what is income of the trust, and the power to apportion and allocate receipts and expenditures between those respective accounts.

The current trustees are husband's parents. According to the testimony of husband's father, the investment philosophy for the trust is to maximize the growth potential of the portfolio to take advantage of the estate tax laws for which the trust was formed. Consistent with that philosophy and the acknowledged customary practice for the management of similar trusts, the trust returns show that capital gains have been generally allocated to principal while the distributions of income to husband comprised the interest and dividend income earned.

On appeal, wife contends that the trial court erred in finding that husband's income interest was not property subject to division. She argues his interest constituted an enforceable right in the trust rather than an expectancy and is therefore property under § 14–10–113. We disagree.

■■■ The trial court has great latitude to effect an equitable division of marital property based on the facts and circumstances of each case. The trial court, in exercising its discretion, must first determine whether an interest constitutes "property" and then must determine whether the property is marital or separate. *In re Marriage of Hunt*, 909 P.2d 525 (Colo.1995). A reviewing court will not disturb a trial court's decision regarding division of property unless there has been a clear abuse of discretion. *In re Marriage of Balanson*, 25 P.3d 28 (Colo.2001).

■■■ In Colorado, income from a spouse's separate property, as well as appreciation in that separate property during the marriage, is deemed to be marital property and therefore subject to division. *In re Marriage of Martinez*, 77 P.3d 827 (Colo.App. 2003). Previously, we have not considered whether income received by a spouse that is generated from the property of a third party is marital property. We conclude that it is not.

In determining whether husband's right to income represents a property interest to be classified and valued for purposes of § 14–10–113, C.R.S.2003, the trial court found that the obligation to distribute income to husband was mandatory, not discretionary. The court also found that husband could not require the trustees to invest with maximum income potential for his benefit and that the investment strategy was "solely in the hands of the trustees." Also, the trial court distinguished various decisions that have classified remainder interests as fixed interests constituting property, noting that under traditional property law, if husband possessed a life estate in real estate, his interest would arguably have some value. However, the court further observed that the parties cited no case holding that a beneficiary's interest in income from a trust is property and that

unlike the general scenarios involving a right to future income, here, neither party contributed anything to the trust or to its postformation appreciation. The court concluded that husband's interest was not "property" subject to division under § 14–10–113. The court, therefore, held that it was unnecessary to classify husband's interest as either marital or nonmarital or some combination thereof.

As for husband's right to discretionary payments of corpus if needed, the trial court determined that it had only a nominal value and apparently did not consider that interest at all in the determination of the property division. Nor did the court conclude that such payments amounted to an interest in the trust corpus such that husband's interest could be considered separate property. Wife does not dispute this ruling.

When a trust permits trustees to distribute to a beneficiary so much, if any, of income as they in their discretion see fit, a beneficiary has no property interest or rights in the undistributed funds. The rights held by the beneficiary are merely an expectancy. *In re Marriage of Rosenblum,* 43 Colo.App. 144, 602 P.2d 892 (1979). Thus, the income beneficiary of a discretionary trust has no contractual or enforceable right to the corpus and cannot force any action by the trustee unless the trustee performs dishonestly or does not act at all. Because the beneficiary possesses no "property" interest, the income received from the trust is a gift under § 14–10–113(2)(a), C.R.S.2003, which is not divisible. *In re Marriage of Jones,* 812 P.2d 1152 (Colo.1991).

Here, the trustees were required to pay income to husband although they had discretion to choose the investments and to allocate earnings to principal or income. Thus, husband had a right to income, assuming any income was declared by the trustees. However, this right could hardly be classified as a remainder interest.

In contrast, a remainder interest in an irrevocable trust represents a present fixed right to future enjoyment that gives rise to a vested property interest in the trust property even if that interest is subject to complete divestment or defeasance. *In re Marriage of Balanson, supra.* That remainder interest also qualifies as a gift of separate property to the beneficiary. However, any appreciation of the interest during the marriage constitutes marital property under § 14–10–113(4) to the extent its present value at the time of the decree exceeds its value at the time of acquisition. *In re Marriage of Balanson, supra.*

A division of this court determined that a spouse's remainder interest in a revocable trust is also a property interest rather than a mere expectancy and that the increase in the value of that interest during the marriage is marital property. *In re Marriage of Gorman,* 36 P.3d 211 (Colo.App.2001). Following that decision, however, the General Assembly enacted § 14–10–113(7)(b), C.R.S. 2003, which excludes from the definition of "property" any interest a party possesses under a third-party instrument that is alienable or revocable. *In re Marriage of Dale,* 87 P.3d 219, 2003 WL 22723020 (Colo.App. No. 02CA1523, Nov. 20, 2003).

Here, even though the obligation to distribute the income is mandatory, no amount is specified, and the income, if any, is not determined until it is declared by the trustees and distributed to husband. *Cf. In re Marriage of Foottit,* 903 P.2d 1209 (Colo.App.1995)(income derived from spouse's remainder interest was considered marital property). In sharp contrast to the situation where a beneficiary has a vested property interest in the corpus or in a remainder, here, husband's trust income derives from property vested in third parties—the next generation remaindermen—not from property in which he holds an interest. The nature of this income interest is not disputed, making the facts of this case somewhat unusual.

At least one authority suggests that in circumstances such as these, "a special category of gift" is created "because of the beneficiary's inability to reach the corpus." Michael Diehl, *The Trust in Marital Law: Divisibility of a Beneficiary Spouse's Interests on Divorce,* 64 Tex. L.Rev. 1301, 1349–50 (1986). Thus, where a beneficiary owns no separate property interest in the corpus

of a trust, the income is deemed to be his separate property, not subject to division as marital property. Diehl, *supra.* According to this view, where a beneficiary receives both an interest in the corpus and the right to draw down so much of it as he needs, he receives an equitable property interest in the trust, and the income derived therefrom is marital. *Accord In re Marriage of Foottit, supra.* However, when the beneficiary has no interest in the corpus, and no right to control how the corpus is invested, we conclude that the income is a mere gratuity deriving from the beneficence of the settlors. *See In re Marriage of Jones, supra* (income from a trust that was not marital property was deemed separate).

In so holding, we are mindful of the supreme court's admonition: "[T]here are necessary limits upon what may be considered 'property'.... One helpful definition is 'everything that has an exchangeable value or which goes to make up wealth or estate.'" *In re Marriage of Graham,* 194 Colo. 429, 432, 574 P.2d 75, 76–77 (1978)(quoting *Black's Law Dictionary* 1382 (rev. 4th ed.1968)), *disapproved by In re Marriage of Olar,* 747 P.2d 676 (Colo.1987). We are unable to conclude that undeclared and unrealized future income could be exchanged for value, pledged as a sum certain, or listed on a sworn financial statement as a definite asset. In the absence of some ownership interest in the corpus itself, we conclude that even a mandatory right to unrealized future discretionary allocations of income is an expectancy arising from the largess of the settlors and does not constitute property for purposes of § 14–10–113.

The judgment is affirmed.

Judge CASEBOLT and Judge HUME ** concur.